## DECLARATION OF KEVIN THIEL IN SUPPORT OF ALASKA AIRLINES, INC.'S NOTICE OF REMOVAL

I, Kevin Thiel, hereby declare the following:

1.     I am the Director of Revenue Accounting for Alaska Airlines, Inc. ("Alaska"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.     I have served as the Director of Revenue Accounting since 1999. In this position I am responsible for overseeing the accounting for all of Alaska's ticket sales, and the handling of any refunds to be made by Alaska in connection with purchases of tickets.

3.     Alaska operates several flights each day from the United States to airports in Mexico.

4.     In or about July 1999, the Mexican government started to impose a "tourism tax" (also known as an "immigration tax" or "visitors tax") on airline passengers that fly to Mexico to visit that country (hereafter, the "Mexican Tourism Tax"). This tax is also referred to as "DNI" (which are the initials for "Derechos de No Immigrante") or by the code "UK" assigned by the International Air Transport Association. The tax was enacted to compensate the Mexican government for the cost of processing non-Mexican citizens and residents through the immigration control operations at Mexican airports.

5.     The Mexican government mandated that carriers such as Alaska collect the Mexican Tourism Tax from passengers flying from outside Mexico into that country. Although collection of the tax is required from visitors entering Mexico, the Mexican government requires airlines to remit the Mexican Tourism Tax based on passengers transported on flights departing Mexico. In compliance with Mexican law, Alaska includes the Mexican Tourism Tax in the price of tickets that are sold for transportation from the United States to Mexico.

-1-

6.      The Mexican law that requires Alaska to collect the Mexican Tourism Tax contains certain exemptions, including for Mexican citizens, Mexican legal residents, holders of FM-2 and FM-3 visas, infants, diplomats, on-duty airline crew members, and customers that will not remain in Mexico for more than 24 hours (the "Tourism Tax Exemptions").

7.      An FM2 visa is for a person seeking Mexican citizenship or permanent residency status in Mexico.  An FM3 visa is a renewable long-term (more than six months) permit which gives the holder non-immigrant temporary residence status.

8.      In order for a passenger to be entitled to a Tourism Tax Exemption, the passenger must provide proof of his or her exempt status, including a passport, birth certificate, or, in Kenneth Don Nelson's case, his FM-2 or FM-3 visa.  However, since the vast majority of passengers purchase their tickets from Alaska through the internet or over the telephone, it is not possible for our company to determine whether a customer qualifies for a Tourism Tax Exemption at the time that the ticket is purchased.  Passengers purchasing tickets from a travel agent may provide proof of exempt status at the point of sale, and the tax would not be included in the ticket price.

9.      Payment of the Mexican Tourism Tax is made to the Mexican government on a quarterly basis by Alaska's office in Mexico City, Mexico  That office determines the amount that is owed to the Mexican government for the Tourism Tax by reviewing the Departure Manifest (in Spanish, the "Manifesto Salida") forms that Alaska's customer service agents complete and provide to the Mexican government for each aircraft that departs Mexico for the United States.  A sample Departure Manifest form is provided as Exhibit A hereto.  The agents obtain the information as to whether a particular departing passenger qualifies for a Tourism Tax Exemption by reviewing the passenger's passport or other documentation which is presented when that passenger checks in for the flight from

Mexico to the United States. In the form provided as Exhibit A, the entry "DNI: 85" near the bottom left-hand corner indicates that 139 passengers onboard Alaska Airlines Flight 235 from San Jose Cabo, Mexico to San Francisco are subject to the Mexican Tourism Tax, and 8 passengers are exempt from the Tax. A similar form is completed for each Alaska flight that departs Mexico for the United States.

10.    If an Alaska Airlines passenger who qualifies for a Tourism Tax Exemption paid cash for his or her ticket and requests a refund at the airport in Mexico, the Alaska staff may provide a cash refund to that passenger. However, the large majority of Alaska customers use credit cards to purchase their tickets. In those instances where a passenger that qualifies for a Tourism Tax Exemption bought the ticket with a credit card, he or she can request and receive a refund of the Mexican Tourism Tax by contacting our Revenue Accounting Department and providing the necessary proof of exemption.

11.    If a passenger cancels his or her ticket prior to a flight and is entitled to a refund of the ticket price, Alaska also refunds the Mexican Tourism Tax that was collected at the time that the ticket was purchased.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 23, 2008, at Seattle, Washington.

KEVIN THIEL

-3-

W02-EAST:9RGG1\200107658.1

# EXHIBIT "A"

# Manifiesto de Salida

| FOLIO |  |  |
|-------|------|------|
| **FECHA** | | |
| Dia | Mes | Año |
| 17 | 2 | 2007 |

| | | | |
|---|---|---|---|
| **Aeropuerto** | San Jose del Cabo, BCS, MEX | **Siglas** | SJD |
| **Compañia** | Alaska Airlines Inc. | **Siglas** | ASA |
| **Equipo** | Boeing 737-400    **Matricula** N774AS | **Nº Vuelo** | 235 |
| **Comandante** | MICKELSON, P. | **Licencia** 1785125 | |
| **1er Oficial** | JACKSON, B. | **Licencia** 574523553 | |
| **2o. Oficial** | | **Licencia** | |
| **3er Oficial** | | **Licencia** | |
| **Sobrecargos** | JACKA, K. / FONSECA, M. / SULLIVAN, B. | | |

## MOVIMIENTO DE OPERACIONES

| | | | |
|---|---|---|---|
| **Origen** | San Jose del Cabo, BCS, MEX | **Siglas** | SJD |
| **Destino** | Seattle, WA, USA | **Siglas** | SEA |
| **Proxima Escala** | San Francisco, CA, USA | **Siglas** | SFO |
| **Hora Itinerario** | 14:31 | **Hora Real** | 15:05 |
| **Causa de la** | | | |
| **Demora** | 34 Min. por II.S.D | | |

## EMBARQUE

| Estación | Pasajeros | | | Equipaje | Carga | Correo |
|----------|-----|---|---|----------|-------|--------|
| SEA | 36 | 0 | 0 | 613 | | |
| SFO | 106 | 2 | 3 | 2125 | | |
| | | | | | | |
| Total | 142 | 2 | 3 | 2738 | | |

### No DE PASAJEROS

| | |
|---|---|
| Tramo Interior | |
| Exentos Nacionales | |
| Internacionales | 144 |
| Exentos Internacionales | 0 |
| Infantes | 3 |
| Transitos | |
| Total | 147 |

## DATOS DE OPERACION

| | | |
|---|---|---|
| **Combustible** | Kgs. | 10533 |
| **Peso de Operación** | Kgs. | 35684 |
| **Peso de Despegue** | Kgs. | 61154 |
| **Peso Máximo de Despegue** | Kgs. | 61426 |
| **Margen de Seguridad** | Kgs. | 272 |

### Observaciones

| | | | | |
|---|---|---|---|---|
| Boletos de Infante | 3 | D.N.I. | 139 | |
| Exentos D.N.I. | 5 | Combustible | 8142 | Lts. |

TOTAL DE MALETAS 198

### Claves y Anotaciones

| Formulado Por: | Autorizado Por: | Recibido Por: | Recibido Por: |
|----------------|-----------------|---------------|---------------|
| A. Vallejo 3610 17/2/2007 | Kim Glez | Aeropuerto de San Jose del Cabo, S.A. de C.V. | Comendancia |
| Firma y Fecha | Firma y Fecha | Firma y Fecha | Firma y Fecha |

Por medio de este documento, la linea acepta los cargos que se deriven por concepto de servicios aeroportuarios con base en las disposiciones legales en vigor.

## DECLARATION OF STEVE JARVIS IN SUPPORT OF ALASKA
## AIRLINES, INC.'S NOTICE OF REMOVAL

I, Steve Jarvis, hereby declare the following:

1.    I am the Vice President of Marketing, Sales and Customer Experience for Alaska Airlines, Inc. ("Alaska"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.    In my position I am responsible for sales and marketing efforts undertaken by Alaska. According to Alaska company records, in 2006 Alaska transported approximately 745,000 passengers from airports in the United States to airports in Mexico, with a similar number of passengers being transported from Mexico to the United States.

3.    Alaska primarily sells its airline tickets through the following sales channels: (a) internet websites; (b) reservations call center; and (c) travel agencies, a majority of which make their sales via computer systems. Approximately 45 percent of all tickets are sold via our website at www.alaskaair.com. Approximately 10 percent of tickets are sold to customers who have called one of our reservations centers. The remaining 45 percent of tickets are sold by travel agencies. However, one-third of those tickets are sold by internet-based travel agencies, such as www.expedia.com or www.orbitz.com. In addition, many tickets are sold by "in house" corporate travel agents that rely on computerized systems. Further, many travel agencies operate via telephone (like our call centers).

4.    Airlines and travel agencies utilize one or more "Global Distribution System" (also known as "GDS") in connection with their sale of airline tickets. The four major Global Distribution Systems are Sabre, Amadeus, Galileo, and Worldspan. Sabre is the "host" GDS for Alaska, which means that tickets purchased through www.alaskaair.com and our reservations centers are processed through Sabre. However, tickets for travel on Alaska may be purchased using Sabre

-1-

or any of the other Global Distribution Systems. Each travel agency uses one or more of the GDSs to process the sale of airline tickets, including those on Alaska.

5. The Mexican government mandates that Alaska assess and collect a tourism tax on passengers traveling to Mexico from another country (the "Mexican Tourism Tax"), unless such passengers are exempt, based on various possible categories of exemption. When a passenger purchases a ticket on Alaska through the internet or other computer system, or via our telephone reservations call centers, it is not feasible for our employees to determine at that time whether or not the passenger can present the requisite proof of his or her exempt status. For this reason Alaska assumes that all passengers traveling from the United States to Mexico are subject to the Mexican Tourism Tax. It also would be impractical and unduly burdensome and costly for us to require our customer service agents to ask each passenger to prove whether or not he or she is exempt from the Mexican Tourism Tax during the check-in process for the United States to Mexico leg of that passenger's journey. However, in those instances where a passenger requests a refund, and can prove his or her exempt status, then a refund of the tax is provided.

6. My understanding is that the four major GDSs generally assume that a customer that purchases an airline ticket from the United States to Mexico is subject to the Mexican Tourism Tax, and automatically include such tax in the price of the ticket.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 21, 2008, at Seattle, Washington.



STEVE JARVIS

# DECLARATION OF JEFF BUTLER IN SUPPORT OF ALASKA AIRLINES, INC.'S NOTICE OF REMOVAL

I, Jeff Butler, hereby declare the following:

1.    I am the Vice President of Customer Service-Airports for Alaska Airlines, Inc. ("Alaska"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2.    In my position I have ultimate supervisory responsibility over the approximately 2500 customer service agents employed by Alaska or its vendors, including the agents that staff the ticket counters at the airports in Mexico served by Alaska.

3.    Alaska's customer service agents are instructed as follows with regard to the visitors tax imposed by the Mexican government on airline passengers that fly into Mexico (the "Mexican Tourism Tax"):

a.    The Mexican Tourism Tax is charged to passengers traveling to Mexico from another country;

b.    Under the Mexican law, the following persons are exempt from the Mexican Tourism Tax: Mexican citizens and legal residents, customers transiting Mexico within 24 hours, diplomats, infants, and holders of FM-2 and FM-3 visas.

c.    In order to be treated as exempt from the Mexican Tourism Tax the passenger must provide the necessary proof of his or her exempt status. For example, to be treated as exempt because the passenger is a Mexican citizen or resident, the passenger must show proof, such as a passport, birth certificate or FM-2 or FM-3 visa form.

d.    For Alaska Airlines ticket purchases made online or over the telephone (the two methods by which the vast majority of tickets are sold by Alaska), the Mexican Tourism Tax must be included in the purchase price because it

-1-

is not feasible to verify at the time of purchase whether or not that passenger qualifies for an exemption.  There is no aspect of the purchase process, regardless of source of purchase, wherein the passenger would show his or her passport or other such documentation to an Alaska agent (or travel agent).  However, the exempt passenger can apply for a refund by providing the necessary documentation to the airline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2008, at Seattle, Washington.

JEFF BUTLER

## DECLARATION OF PHILIP F. ATKINS-PATTENSON IN SUPPORT OF
## ALASKA AIRLINES, INC.'S NOTICE OF REMOVAL

I, Philip F. Atkins-Pattenson, hereby declare the following:

1.    I am an attorney admitted to practice before all courts in the State of California and am a member of the bar of this Court in good standing.

2.    I am a partner in the law firm Sheppard, Mullin, Richter & Hampton LLP, attorneys for defendant Alaska Airlines, Inc. ("Alaska").

3.    I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

4.    I make this Declaration in support of Alaska 's Notice of Removal of Action.

5.    Attached hereto as Exhibit A is a true and correct copy of the First Amended Class Action Complaint in *Maria Sanchez v. Compania Mexicana De Aviacion S.A.*; United States District Court for the Central District Case No. CV 07-7196 R (RCx) (the "*Sanchez*" case)

6.    Attached hereto as Exhibit B is a true and correct copy of the Court's Findings of Fact and Conclusions of Law in the *Sanchez* Case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2008, at San Francisco, California.

*/s/ Philip F. Atkins-Pattenson*
PHILIP F. ATKINS-PATTENSON

# EXHIBIT "A"

James S. Cahill, Esq. (SBN 070353)
Talin K. Tenley, Esq. (SBN 217572)
**THE ROSSBACHER FIRM**
811 Wilshire Blvd., Suite 1650
Los Angeles, California 90017-2666
Telephone: (213) 895-6500
Facsimile: (213) 895-6161
Email: jsc@rossbacher.xohost.com
tkt@rossbacher.xohost.com

Attorneys for Plaintiff
MARIA SANCHEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>   v.<br><br>ALASKA AIRLINES INC., and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.: CV 07-7224 R (RCx)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>  1. **BREACH OF WRITTEN CONTRACTS;**<br>  2. **BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING;**<br>  3. **UNJUST ENRICHMENT; AND**<br>  4. **MONEY HAD AND RECEIVED**<br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COMPLAINT

1   Plaintiff, Maria Sanchez, individually and on behalf of all others similarly

2   situated, upon knowledge as to herself and her own acts, and upon information and

3   belief as to all other matters, alleges as follows:

4

5   ## NATURE OF THE ACTION

6   1.    Defendant Alaska Airlines, Inc. (hereinafter "Defendant" or "Defendant

7   Airline") collects a tourism tax imposed by the Mexican government from all

8   passengers traveling on Defendant Airline on international flights between

9   California and Mexico. Defendant Airline, in turn, is supposed to remit the tourism

10  tax receipts to the Mexican government. The Mexican tourism tax is collected by

11  Defendant Airline from its airline passengers as part of the price of each passenger's

12  airline ticket purchased from Defendant in California. However, passengers who

13  are residents (holding FM-2 or FM-3 Visas) or citizens of Mexico, as well as

14  diplomats, children under two years of age and persons staying in Mexico less than

15  24 hours are exempt from paying the Mexican tourism tax.

16  2.    In breach of their passengers' written contracts for air travel, Defendant

17  Airline has been unjustly enriched by improperly collecting from those passengers

18  who are exempt from the Mexican tourism tax the amount of money equal to that

19  tax.

20  3.    This class action seeks to restore to Plaintiff and the Class members the

21  amount of the Mexican tourism tax improperly collected by Defendant Airline

22  including, without limitation, relief in the form of damages and restitution, as

1   requested in each cause of action.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over this class action.  This court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of this court, and at all times material to this complaint Defendant Airline systematically and continually conducted business within Los Angeles County, California.

5.      Venue as to Defendant Airline is proper in this court pursuant to Code Civ. Proc. §§ 395(a) and 395.5.

6.      Federal subject matter jurisdiction does not exist for the claims for relief asserted in this complaint.  There is no federal question jurisdiction here.  The claims asserted herein only allege violations of California law.  There is no diversity jurisdiction here because the $75,000 amount in controversy threshold is not satisfied.  The amount in controversy as to Plaintiff and each member of the Class does not exceed $75,000.  Plaintiff is informed and believes that the aggregate amount in controversy for Plaintiff and the Class totals less than $5,000,000.00, exclusive of interest and costs.

## PARTIES

### A.    PLAINTIFF

7.      In approximately August 2005, Plaintiff Maria Sanchez, an individual, ("Plaintiff") purchased in California an airline ticket from Defendant for

3

travel on Defendant Airline, flight No. 280 on approximately August 23, 2005 from Los Angeles, California to Guadalajara, Mexico.  As part of the purchase price for said airline ticket Plaintiff was charged by and paid approximately $357.00 to Defendant which Plaintiff is informed and believes included the amount equal to the Mexican tourism tax in the approximate sum of $22.00 (an amount that fluctuates with the dollar-peso exchange rates).  Plaintiff was never notified that she was exempt from paying the Mexican tourism tax nor informed that she could claim a recovery of the amount improperly collected by Defendant Airline.

8.    At all times material to this complaint, Plaintiff was and is a citizen of Mexico.   As a citizen of Mexico, Plaintiff is exempt from paying the Mexican tourism tax when she travels to Mexico.

**B.    DEFENDANTS**

9.    Defendant Alaska Airlines, Inc. (hereinafter "Defendant" or "Defendant Airlines") is, and at all times material to this complaint, was, a corporation organized and existing under the laws of Alaska and conducting business in California, with its principal place of business in Los Angeles, California.

10.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these Defendants by these fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes that each of the

4

1   fictitiously named Defendants is responsible in some manner for the occurrences

2   herein alleged, and that Plaintiff's injuries as herein alleged were proximately

3

4   caused by these Defendants.

5       11.   Plaintiff is informed and believes that at all times material to this

6   complaint, Defendant Airline and each of the Defendants fictitiously named in this

7

8   complaint in addition to acting for himself, herself, or itself and on his, her, or its

9   own behalf individually, is and was acting as the agent, servant, employee and

10  representative of, and with the knowledge, consent and permission of, and in

11

12  conspiracy with, and/or aided and abetted each and all of the Defendants and within

13  the course, scope and authority of that agency, service, employment, representation,

14

15  and conspiracy.  Plaintiff further alleges on information and belief that the acts of

16  each of the Defendants were fully ratified by each and all of the Defendants.

17  Specifically, and without limitation, Plaintiff alleges on information and belief that

18

19  the actions, failures to act, breaches, conspiracy, aiding and abetting alleged herein

20  and attributed to one or more of the specific Defendants were approved, ratified, and

21  done with the cooperation and knowledge of each and all of the Defendants.

22

23                    **CLASS ACTION ALLEGATIONS**

24      12.   This action is brought as a class action pursuant to Code Civ. Proc. §

25  382 on behalf of the following Class:

26

27          All persons who purchased airline tickets in California
            from Defendant Airline for travel on Defendant Airline on
28          international flights between California and Mexico and

5

who paid Defendant as part of the price for his or her airline ticket the Mexican tourism tax but who were exempt from paying that tourism tax (the "Class"). Persons exempt from paying Mexican tourism tax include residents (holding FM-2 or FM-3 Visas) or citizens of Mexico, diplomats, children under two years of age and persons not remaining in Mexico for more than 24 hours. Excluded from the Class are (a) Defendant Airline; (b) employees of Defendant including its officers and directors; and (c) Defendant's parents, subsidiaries and affiliates.

13.    Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendant Airline. However, Plaintiff is informed and believes that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, and geographically dispersed throughout California, and that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendant and its agents.

14.    Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members in that the claims of all members of the Class, result from the Defendant's collecting Mexican tourism tax from persons exempt from paying that tax. Plaintiff will advance the claims of all members of the Class who were injured by the same improper conduct of Defendant and the relief sought is common to the Class as alleged in this complaint.

15.    The common legal and factual questions which do not vary from Class member to Class member and which may be determined without reference to

G262.002 1st AMENDED COMPLAINT ALASKA

FIRST AMENDED COMPLAINT

individual circumstances of any Class member include, but are not limited to, the following:

      a.   Whether Defendant Airline collected the Mexican tourism tax from Plaintiff and others Class members who do not owe that tax on their air trips to Mexico;

      b.   Whether Defendant Airline advised Plaintiff and other Class members that they were exempt from paying the Mexican tourism tax on their air trips to Mexico or otherwise made arrangements to allow for their recovery of the Mexican tourism tax collected by Defendant;

      c.   Whether Defendant Airline breached its written contract(s) with Plaintiff and other Class members;

      d.   Whether Defendant Airline breached the implied covenant of good faith and fair dealing;

      e.   Whether Defendant Airline was unjustly enriched by its conduct;

      f.   Whether Defendant Airline became indebted to Plaintiff and other Class members for money had and received; and

      g.   Whether Plaintiff and other Class members are entitled to monetary recovery, including damages and restitution, and the proper measure, nature and extent of such relief.

16.   These common questions and others predominate over questions, if

FIRST AMENDED COMPLAINT

any, that affect only individual members of the Class.

17.    Plaintiff and her lawyers will fairly and adequately represent the interests of the Class because Plaintiff is typical of other Class members improperly charged the Mexican tourism tax by Defendant Airline. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this action vigorously.

18.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the court if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues alleged in this complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

19.    Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant Airline and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the

8

1  same complex factual issues.

2  20.    Whatever difficulties may exist in the management of the class action

3

4  will be greatly outweighed by the benefits of the class action procedure, including,

5  but not limited to, providing Class members with a method for the redress of claims

6  that may not otherwise warrant individual litigation.

7

8  ## FACTUAL ALLEGATIONS

9  21.    Defendant Airline is, and at all times material to this complaint was,

10  engaged in the business of common carrier by air of passengers for transport

11  between California and Mexico.

12

13  22.    At all times mentioned herein, when passengers purchase their tickets

14  in California for air travel on Defendant Airline between California and Mexico,

15

16  Defendant routinely collects from its passengers the Mexican tourism tax which is

17  included in the price of each passenger's airline ticket. The amount equal to the

18  Mexican tourism tax cannot be determined from the information provided by

19  Defendant. Defendant Airline is an authorized agent of the Mexican government to

20

21  collect the tourism tax from its airline passengers on international flights between

22  California and Mexico and is obligated to remit the tax to the Mexican government.

23

24  Defendant collects approximately $22.00 from each passenger per flight who travels

25  between Mexico and California on Defendant Airline for this tourism tax. (The

26  amount of the tax collected by Defendant Airline fluctuates, depending on the

27  dollar-peso exchange rate.)

28

9

23.    Under Mexican law airline passengers traveling to Mexico who are residents (holding FM-2 or FM-3 Visas) or citizens of Mexico as well as diplomats children under two years of age and persons staying in Mexico less than 24 hours are exempt from paying the Mexican tourism tax.

24.    After passengers have purchased their tickets from Defendant Airline and when passengers check in before their flights depart from California to Mexico, Defendant Airline could identify the exempt passengers and could return to them the amount of the improperly collected Mexican tourism tax, or make other arrangements for a return of the improperly collected amount, including but not limited to notifying the exempt passengers of their entitlement to a return. However, despite its opportunity to do so, Defendant Airline failed to disclose to exempt passengers (including Plaintiff and other Class members) that they are entitled to a return of the improperly paid Mexican tourism tax and return the amount improperly collected by Defendant Airline.

25.    Plaintiff is informed and believes that Defendant Airline does not remit to the Mexican government the amounts of the tourism tax paid by exempt passengers. Defendant Airline does not return the tourism tax improperly collected from its exempt passengers, nor provide an opportunity for them to claim a return of the improperly paid amount.

///

///

## ESTOPPEL FROM PLEADING AND TOLLING OF
## APPLICABLE STATUTES OF LIMITATIONS

26.    Defendants are estopped from relying on any statutes of limitations.  At all times material to this complaint, Defendant Airline failed to disclose to Plaintiff and other Class members that the Mexican tourism tax was not due from them as exempt passengers, and that as exempt passengers they were entitled to a return of the amount they paid for that tax.  Plaintiff and the members of the Class could not reasonably have discovered Defendants' wrongdoing.  Given Defendants' failure to disclose this information about their exempt status to its passengers from paying the Mexican tourism tax for their air travel between California and Mexico, Defendants are estopped from relying on any statutes of limitations that might otherwise be applicable to the claims asserted herein.

## FIRST CAUSE OF ACTION

### (Breach Of Written Contracts Against All Defendants)

27.    Plaintiff incorporates and realleges by this reference the allegations contained in paragraphs 1 through 26, inclusive, of this complaint.  Plaintiff brings this claim for herself and on behalf of members of the Class.

28.    Within four years prior to the filing of this complaint, Defendant Airline entered into written contracts in California with Plaintiff and other Class members for air travel between California and Mexico and specifying the date, flight number, origin and destination plus the price of the airline ticket.  The terms

of these contracts are contained in the respective airline tickets and "international

contract of carriage" on Defendant Airline's website at

www.alaskaair.com/as/www2/company/tariff/international/tariff_intl_toc.asp. In

particular, Defendant's contracts with Plaintiff and the Class members state, in part,

as follows: "Any tax or other charge imposed by government authority and

collectable from a passenger will be in addition to the published fares and charges."

Plaintiff and the Class paid for the purchase of their tickets to Defendant Airline by

paying U.S. dollars or using frequent flyer miles.

29.    Along with the portion of the price for the airline ticket to be retained

by Defendant Airline, Defendant also collected from Plaintiff and other Class

members, at the time the tickets were purchased, a number of taxes for various

taxing authorities, including the Mexican tourism tax. At all times material to this

complaint, Defendant Airline promised Plaintiff and other Class members that

Defendant only collects applicable taxes imposed by government authorities it is

required to collect from passengers who owe the taxes.

30.    Plaintiff and Class members have performed all conditions, covenants

and promises required on their part to be performed in accordance with the terms of

said written contracts, including payment to Defendant Airline of the ticket fares

and amounts claimed as taxes for each ticket.

31.    Within four years prior to the filing of this complaint, Defendant

Airline breached its written contracts with Plaintiff and Class members by

12

1  improperly collecting from them the amount of the Mexican tourism tax

2  (approximately $22.00) for each airline ticket which was not applicable to Plaintiff

3

4  and Class members due to their exempt status under Mexican law.

5      32.    As a proximate result of Defendant Airline's breach of the written

6  contracts, Plaintiff and each Class member have been damaged in the amount

7

8  improperly collected from them for the Mexican tourism tax for each airline ticket

9  in an amount according to proof, plus interest thereon at the maximum legal rate

10  until entry of judgment.

11

12              **SECOND CAUSE OF ACTION**

13  **(Breach of Implied Covenant Of Good Faith And Fair Dealing Against All**

14                    **Defendants)**

15      33.    Plaintiff incorporates and realleges by this reference the allegations

16  contained in paragraphs 1 through 32, inclusive, of this complaint.  Plaintiff brings

17

18  this claim for herself and on behalf of members of the Class.

19      34.    The written contracts between Plaintiff and the Class on one hand, and

20  Defendant Airline include an implied covenant of good faith and fair dealing that

21

22  neither party would do anything to injure the right of the other party to receive the

23  benefits of the agreement.

24      35.    After the written contracts took effect, Defendant Airline failed to

25

26  inform Plaintiff and other Class members that the Mexican tourism tax was not due

27  from them as exempt passengers, and that, as exempt passengers they were entitled

28

13

to a return of the amount they improperly paid for that tax. Defendant Airline was in a superior position to know the true facts about the Mexican tourism tax and was duty-bound to make such disclosures to Plaintiff and other Class members. Defendant's failure to make such disclosures after the written contracts took effect has unfairly prevented Plaintiff and Class members from receiving the benefits of their contracts. In acting in this manner, Defendant Airline violated the implied covenant of good faith and fair dealing that exists in the contracts between Plaintiff and other Class members and Defendant Airline.

36.     As a proximate result of Defendant Airline's breach of its implied covenant of good faith and fair dealing, Plaintiff and each Class member have been damaged in the amount improperly retained by Defendant Airline for the Mexican tourism tax for each airline ticket in an amount according to proof, plus interest there on at the maximum legal rate until entry of judgment.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment Against All Defendants)

37.     Plaintiff incorporates and realleges by this reference the allegations contained in paragraphs 1 through 36, inclusive, of this complaint. Plaintiff brings this claim for herself and on behalf of members of the Class.

38.     Defendant Airline has been unjustly enriched because it knowingly gained and retained money in an inequitable manner at the expense of its passengers and is thus accountable to the Plaintiff and the members of the Class to restore such

14

money.  The Defendant may not retain the benefits from its improper conduct and those benefits belong instead to Plaintiff and members of the Class.  Defendant Airline must make restitution of all amounts so improperly and unjustly obtained according to proof, plus interest at the maximum legal rate until entry of judgment.

## FOURTH CAUSE OF ACTION

### (Money Had And Received Against All Defendants)

39.     Plaintiff incorporates and realleges by this reference the allegations contained in paragraph 1 through 38, inclusive, of this complaint.  Plaintiff brings this claim for herself and on behalf of members of the Class.

40.     Within four years prior to the filing of this complaint, Defendant Airline became indebted to Plaintiff and other Class members for money had and received by Defendant Airline for the use and benefit of Plaintiff and other Class members in an amount according to proof.

41.     No payment has been made by Defendant Airline to Plaintiff and the other Class members, and there is now owing to Plaintiff and Class members the amount improperly retained by Defendant Airline for the Mexican tourism tax for each airline ticket in an amount according to proof, plus interest thereon at the maximum legal rate until entry of judgment.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of herself and the Class, Plaintiff prays for judgment against Defendants as follows:

1.    For certification of the proposed Class appointing Plaintiff and her

counsel to represent the Class, and notice to the Class to be paid by Defendants;

2.    For compensatory damages suffered by Plaintiff and Class members in

an amount according to proof on the First, Second and Fourth Causes of Action;

3.    For restitution to Plaintiff and Class members in addition to other

unjust enrichment of Defendants in an amount according to proof on the Third

Cause of Action;

4.    For an award of attorney's fees pursuant to Code Civ. Proc. §1021.5, or

any other provision of law;

5.    For prejudgment interest;

6.    For costs of suit; and,

7.    For such other and further relief as the court may declare just and

proper.

Dated: January 4, 2008                          Respectfully submitted,

                                                **THE ROSSBACHER FIRM**



                                                By:  /s/ *Talin K. Tenley*
                                                     Talin K. Tenley

                                                Attorney for Plaintiff

6202/002/00 1ˢᵗ AMENDED COMPLAINT ALASKA

6202/002/00 1ˢᵗ AMENDED COMPLAINT ALASKA                          **FIRST AMENDED COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of herself and all others similarly situated hereby request a jury trial on the claims so triable.

Dated:  January 4, 2008

Respectfully submitted,

**THE ROSSBACHER FIRM**


By:  _/s/ Talin K. Tenley_
Talin K. Tenley

Attorney for Plaintiff

17

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME: MARIA SANCHEZ v. ALASKA AIRLINES INC.**

**CASE NUMBER: CV07-7224 R (RCx)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 811 Wilshire Blvd., Ste. 1650, Los Angeles, California 90017-2666.

On January 4, 2008, I served the following document on the parties in this action listed below in the manner designated below:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR: 1. BREACH OF WRITTEN CONTRACTS; 2. BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING; 3. UNJUST ENRICHMENT; AND 4. MONEY HAD AND RECEIVED**

Fred R. Puglisi, Esq.
Erica S. Alterwitz, Esq.
SHEPPARD, MULLIN, RICHTER
 & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
fpuglisi@sheppardmullin.com
ealterwitz@sheppardmullin.com

Attorneys for Defendants

**BY NOTICE OF ELECTRONIC FILING.** The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4 2008, at Los Angeles, California

*/s/ Maricela Ruiz*
Maricela Ruiz

**FIRST AMENDED COMPLANT**

# EXHIBIT "B"

1  | Frank A. Silane (State Bar No.: 90940)
2  | Jennifer J. Johnston (State Bar No.: 125737)
   | CONDON & FORSYTH LLP
3  | 1901 Avenue of the Stars, Suite 850
   | Los Angeles, California 90067-6010
4  | Telephone: (310) 557-2030
   | Facsimile: (310) 557-1299
5  | Email: fsilane@condonlaw.com
   | Email: jjohnston@condonlaw.com

6  | Attorneys for Defendant
   | COMPAÑIA MEXICANA DE AVIACION, S.A. DE C.V.

7

8  | UNITED STATES DISTRICT COURT

9  | CENTRAL DISTRICT OF CALIFORNIA

10

11 | MARIA SANCHEZ, individually and on ) Case No. CV 07-7196 R (RCx)
   | behalf of all others similarly situated, )
12 |                                       )
   | Plaintiffs,                           ) **FINDINGS OF UNDISPUTED**
13 |                                       ) **FACTS AND CONCLUSIONS OF**
   | vs.                                   ) **LAW**
14 |                                       )
   | COMPAÑIA MEXICANA DE                  )
15 | AVIACION S.A., doing business as      )
   | MEXICANA AIRLINES, and DOES 1         )
16 | through 100, inclusive,               )
   |                                       )
17 | Defendants.                           )
   |                                       )

18

19 |         After consideration of all the papers filed in support of and in opposition to

20 | defendant Compañia Mexicana de Aviacion, S.A. de C.V.'s motion to dismiss or,

21 | in the alternative, for summary judgment, the pleadings on file in this lawsuit, and

22 | the oral argument of counsel, the Court has concluded that the following facts are:

23

24 |                         **UNDISPUTED FACTS**

25 |         1.      Plaintiff Maria Sanchez is a citizen and resident of the state of

26 | California. Plaintiff claims that she is a citizen of both the United States and

27 | Mexico. (*See* First Amended Class Action Complaint, para. 8.)

28

[PROPOSED] FINDINGS OF UNDISPUTED FACTS AND
CONCLUSIONS OF LAW
CASE NO. CV 07-7196 R (RCX)                                           2567V.1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    2.    Defendant Compania Mexicana de Aviacion, S.A. de C.V. (doing

2  business as "Mexicana") is an airline organized and existing under the laws of

3  Mexico, with its principal place of business in Mexico City, Mexico. Mexicana

4  sells airline tickets in the state of California and operates flights to and from the

5  state of California.

6    3.    Plaintiff Maria Sanchez has filed a First Amended Class Action

7  Complaint against Mexicana seeking recovery of, on behalf of herself and others, a

8  certain Mexican tourism tax imposed by the government of Mexico and collected

9  by airlines on behalf of the government of Mexico in connection with the sale of

10  passenger tickets for flights to Mexico. The First Amended Class Action

11  Complaint states claims for breach of written contract, breach of the implied

12  covenant of good faith and fair dealing, money had and received and unjust

13  enrichment. (*See* First Amended Class Action Complaint.)

14    4.    Plaintiff Maria Sanchez seeks to represent a class of "[a]ll persons

15  who purchased airline tickets in California from Defendant Airline for travel on

16  Defendant Airline on international flights between California and Mexico and who

17  paid Defendant as part of the price for his or her airline ticket the Mexican tourism

18  tax but who were exempt from paying that tourism tax (the 'Class')." (*See* First

19  Amended Class Action Complaint, para. 12.)

20    5.    Plaintiff Maria Sanchez alleges that in connection with the sale of

21  passenger tickets in California for international flights between California and

22  Mexico, Mexicana collects a tourism tax imposed by the government of Mexico.

23  Plaintiff further alleges that the Mexican tourism tax is collected by Mexicana as

24  part of the price of the passenger ticket. (*See* First Amended Class Action

25  Complaint, paras. 1, 22.) Mexicana does not contest these facts. (*See* Declaration

26  of Rogelio Silva Sanchez in Support of Motion for Summary Judgment, paras. 3,

27  5.)

28

-2-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

6.    Plaintiff Maria Sanchez further alleges that in connection with the collection of the Mexican tourism tax, Mexicana acts as the agent of the government of Mexico and is obligated to remit all sums collected for the Mexican tourism tax to the government of Mexico. (*See* First Amended Class Action Complaint, para. 22.) Mexicana does not contest these facts. (*See* Declaration of Rogelio Silva Sanchez, para. 4.)

7.    Plaintiff Maria Sanchez bases her claims on a ticket purchased on July 4, 2003, which provided for transportation from Los Angeles to Guadalajara on July 4, 2003. (*See* Declaration of Maria Sanchez in Support of Plaintiff's Opposition to Motion to Dismiss, or in the Alternative, for Summary Judgment, para. 2.) Mexicana does not contest that a passenger ticket was purchased for plaintiff Maria Sanchez on July 4, 2003, which provided for transportation from Los Angeles to Guadalajara on July 4, 2003. (*See* Declaration of Maru Johansen in Support of Compania Mexicana de Aviacion, S.A. de C.V.'s Reply to Plaintiff's Opposition to Motion to Dismiss or, in the Alternative, for Summary Judgment, para. 10.)

8.    As part of the purchase price for the ticket, plaintiff Maria Sanchez alleges she was charged and paid approximately $275, which sum included a charge for the Mexican tourism tax. (*See* First Amended Class Action Complaint, para. 7; *see also* Declaration of Maria Sanchez, para. 2.)

9.    The records relating to the purchase of plaintiff Maria Sanchez's passenger ticket establish that her ticket was purchased in Mexico. (*See* Declaration of Maru Johansen, paras. 10-14.)

10.    Plaintiff Maria Sanchez filed her initial Class Action Complaint on September 28, 2007, more than four years from the date on which her ticket was purchased and more than four years from the date of her transportation on Mexicana. (*See* Class Action Complaint.)

-3-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

11.    Plaintiff Maria Sanchez claims that she was exempt under Mexican law from payment of the Mexican tourism tax because she is a citizen of Mexico. (*See* Declaration of Maria Sanchez, para. 4.)

12.    Plaintiff Maria Sanchez further alleges that she and other proposed class members entered into contracts of carriage with Mexicana when they purchased their passenger tickets.  Plaintiff does not allege that Mexicana refused to transport her or any other person pursuant to the contracts of carriage.  Instead, plaintiff alleges that Mexicana breached the contracts of carriage by collecting the tourism tax from her and other passengers who were purportedly exempt.

13.    Plaintiff Maria Sanchez's sole basis for her claim that Mexicana had a contractual duty to advise her and other passengers of their rights with respect to the Mexican tourism tax and that they may be exempt from paying the Mexican tourism tax is the following language from Mexicana's website:  "The price of this ticket may include taxes and fees, which are imposed on the air transportation by government authorities.  These taxes and fees, which may represent a significant portion of the cost of air travel, are either included in the fare, or shown separately in the tax box(es) of this ticket."  (*See* First Amended Class Action Complaint, para. 28.)

14.    Mexicana has filed a motion for summary judgment seeking judgment in its favor on the grounds that all claims alleged in the First Amended Class Action Complaint are preempted by the Airline Deregulation Act.

15.    The Court finds that plaintiff Maria Sanchez has failed to present a single triable issue of material fact supporting her assertions that her claims do not relate to Mexicana's prices, routes or services.

16.    The undisputed facts establish that all of the claims asserted in the First Amended Class Action Complaint concerning the Mexican tourism tax relate to Mexicana's prices, routes and services and are preempted by the Airline

-4-

1  Deregulation Act.

2      17.    The claims asserted in the First Amended Class Action Complaint

3  concerning the collection of the Mexican tourism tax relate to Mexicana's prices

4  because the Mexican tourism tax is collected together with the purchase price of

5  the passenger ticket and is related to and intertwined with the sale, price, and

6  issuance of the passenger tickets.

7      18.    The claims asserted in the First Amended Class Action Complaint

8  concerning the Mexican tourism tax also relate to Mexicana's routes and services

9  because the Mexican tourism tax is collected only on routes between Mexico and

10  other countries and it is part of the services provided by Mexicana to its customers

11  to facilitate the flow of passengers through Mexican airports by eliminating the

12  need for passengers to stand in line at Mexican airports to pay the tourism tax prior

13  to entering the country.

14      19.    The Court finds that plaintiff Maria Sanchez also has failed to present

15  a single triable issue of material fact supporting her assertions that Mexicana

16  committed a breach of contract.

17      20.    The undisputed facts establish that Mexicana did not undertake and

18  did not breach any contract with plaintiff Maria Sanchez or any other proposed

19  class member with respect to the Mexican tourism tax.

20      21.    Neither the language from Mexicana's website asserted by plaintiff

21  Maria Sanchez as the sole basis for her contract claims against Mexicana, nor any

22  other evidence offered by the plaintiff, created any contractual obligation on the

23  part of Mexicana to advise plaintiff or any other passenger of his or her rights or

24  obligations under Mexican law with respect to the payment or non-payment of the

25  Mexican tourism tax or rights to refunds of the tourism tax.

26      22.    The undisputed facts establish that plaintiff Maria Sanchez is

27  attempting to impose obligations on Mexicana which Mexicana did not undertake

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-5-

[PROPOSED] FINDINGS OF UNDISPUTED FACTS AND
CONCLUSIONS OF LAW
CASE NO.: CV 07-7196 R (RCX)

2567V.1

in its contract of carriage. The imposition of such obligations on Mexicana would relate to and thereby affect Mexicana's prices, routes, and services. Accordingly, the claims are preempted by the Airline Deregulation Act.

23.    The Court finds that plaintiff Maria Sanchez has provided no facts which would establish any right in law or equity to have the statute of limitations relating to her claims tolled.

24.    The Court finds that the undisputed facts establish that plaintiff Maria Sanchez's claims are time-barred by California's four-year statute of limitations.

25.    The Court finds that the undisputed facts establish that plaintiff Maria Sanchez's claims fall outside of the proposed class which is limited to those persons purchasing tickets in California.

The Court makes the following:

## CONCLUSIONS OF LAW

1.    Plaintiff Maria Sanchez's claims and the claims of all proposed class members are preempted, as a matter of law, by the Airline Deregulation Act of 1978 (ADA), 49 USC § 1305 (reenacted at 49 U.S.C. § 41713) because the claims all relate to Mexicana's prices, routes and services. *See Rowe v. N.H. Motor Transp. Ass'n*, No. 06-457, slip op., 552 U.S. ___ (2008) WL 440686 (U.S. February 20, 2008); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992); *Buck v. Am. Airlines, Inc.*, 476 F.3d 29 (1st Cir. 2007).

2.    Claims seeking reimbursement of government fees and taxes, including charges on behalf of foreign sovereigns such as the Mexican government, which are collected by Mexicana with the purchase price of a passenger ticket are preempted by the Airline Deregulation Act, because they are related to the prices charged by airlines. Since the tourism tax which plaintiffs here seek to recover is collected by Mexicana as part of the price of the passenger

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-6-

1  ticket, the tourism tax is related to pricing, and all claims asserted by plaintiff

2  Maria Sanchez on behalf of herself and others are preempted by the Airline

3  Deregulation Act, as a matter of law. *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 34-

4  36 (1st Cir. 2007).

5        3.      The preemptive coverage of the Airline Deregulation Act also applies

6  to routes and services which are provided by the airline. *See* 49 U.S.C. § 41713.

7  As the tourism tax is charged only on routes between Mexico and other countries

8  and as the collection of the tourism tax at the time of ticketing is a service

9  facilitating the flow of passengers through the airports in Mexico, plaintiff Maria

10  Sanchez's claims and the claims of all proposed class members are preempted by

11  the Airline Deregulation Act on the grounds that the claims are related to

12  Mexicana's routes and services. *Rowe v. N.H. Motor Transp. Ass'n*, No. 06-457,

13  slip op., 552 U.S. __ (2008), WL 440686 (U.S. February 20, 2008).

14        4.      Plaintiff Maria Sanchez's claim that Mexicana breached contractual

15  obligations relating to Mexicana's collection of the Mexican tourism tax fails as a

16  matter of law. As a matter of law, the language relied upon by plaintiff from

17  Mexicana's website as the sole basis for imposing a duty on Mexicana does not

18  create any contractual obligation on the part of Mexicana to advise plaintiff of her

19  rights or obligations regarding the payment or non-payment of the Mexican

20  tourism tax under Mexican law or her rights to a refund of the tax, nor does it

21  create any other contractual obligation on the part of Mexicana with respect to

22  plaintiff's rights or obligations relating to the Mexican tourism tax. *See, e.g., Buck*

23  *v. Am. Airlines, Inc.*, 476 F.3d 29, 36-38 (1st Cir. 2007).

24        5.      The undisputed facts establish that plaintiff Maria Sanchez is

25  attempting to impose obligations on Mexicana which Mexicana did not undertake

26  in its contract of carriage. The imposition of such obligations on Mexicana would

27  relate to and thereby affect Mexicana's prices, routes, and services. Accordingly,

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-7-

1  the claims are preempted by the Airline Deregulation Act. *Rowe v. N.H. Motor*

2  *Transp. Ass'n*, No. 06-457, slip op., 552 U.S. __ (2008) WL 440686 (U.S.

3  February 20, 2008); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992);

4  *Buck v. Am. Airlines, Inc., 476 F.3d 29* (1st Cir. 2007).

5      6.    The Court concludes that, as a matter of law, plaintiff Maria

6  Sanchez's claims are time-barred by California Civil Procedure Code § 337(1).

7      7.    The Court concludes that as a separate and distinct basis for

8  dismissing plaintiff Maria Sanchez's claims, the records relating to the purchase of

9  plaintiff's passenger ticket demonstrate that the ticket was purchased in Mexico.

10  Since the ticket which forms the basis for plaintiff's claims was purchased in

11  Mexico, plaintiff's claims fall outside of the proposed class which she seeks to

12  represent, and plaintiff, as a matter of law, has no standing to bring her claims or

13  represent the proposed class.

14      8.    The undisputed facts establish that there is no genuine issue as to any

15  material facts with respect to the liability of Mexicana as to any of the claims

16  alleged by plaintiff Maria Sanchez or any other proposed class member in this

17  lawsuit and that all claims are preempted by the Airline Deregulation Act.

18  Mexicana is, therefore, entitled to a judgment as a matter of law dismissing this

19  lawsuit, with prejudice, and on the merits.

20

21  Dated:  March 25, 2008

22  _____

23  Honorable Manuel L. Real
    United States District Judge

24

25

26

27

28

-8-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030