Henry H. Rossbacher, Esq. (SBN 060260)
Talin K. Tenley, Esq. (SBN 217572)
**THE ROSSBACHER FIRM**
811 Wilshire Blvd., Suite 1650
Los Angeles, California 90017-2666
Telephone: (213) 895-6500
Facsimile: (213) 895-6161
Email:h.rossbacher@rossbacherlaw.com
t.tenley@rossbacherlaw.com
Attorneys for Plaintiff
Kenneth Don Nelson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| KENNETH DON NELSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALASKA AIRLINES, INC., and DOES 1 through 100, inclusive,<br><br>    Defendants, | Case No.: C 08-03560 (JSW)<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1447(c); AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 17, 2008<br>Time: 9:00 A.M.<br>Courtroom: 2 (17th Floor)<br>Judge: Hon. Jeffrey S. White |

1    PLEASE TAKE NOTICE that on October 17, 2008 at 9:00 a.m., or as soon thereafter as

2  this matter may be heard, in Courtroom 2 of the above-entitled court located at 450 Golden Gate

3  Avenue, 17th Floor, San Francisco, California, the Honorable Judge Jeffrey S. White presiding,

4
   Plaintiff Kenneth Don Nelson ("Plaintiff") will and hereby does move this court for an order
5
   remanding this action in its entirety to the Superior Court of the State of California, County of San
6
7  Francisco. This motion is brought pursuant to 28 U.S.C. § 1447(c) because the action presents no

8  basis for original federal subject matter jurisdiction by this court and therefore is not removable.

9    Original jurisdiction is lacking in that the complaint pleads only state law claims.

10  Defendant's sole ground for removal is under the Montreal Convention. The Montreal

11
   Convention does not provide complete preemption over state law claims so as to transform them
12
13  into claims that arise under federal law. Further, Plaintiff's claims are not within the scope of the

14  Montreal Convention. The Montreal Convention cannot serve as a basis for removal.

15    In addition, since the court lacks jurisdiction to hear this action, the court should not rule

16  on any motion to dismiss. *Arora v. Hartford Life and Annuity Ins.*, 519 F.Supp.2d 1021, 1024

17  (N.D. Cal. 2007).

18    This motion is based on this Notice of Motion and Motion for Remand, the attached

19
   Memorandum of Points and Authorities, all of the pleadings, records, and papers on file herein,
20
21  and such other oral and/or documentary evidence as may be presented at or before the time of the

22  hearing.

23  Dated: August 13, 2008                      Respectfully submitted,
                                                **THE ROSSBACHER FIRM**
24

25                                    By:  _____

26                                           Henry H. Rossbacher

27                                           Attorneys for Plaintiff
                                             Kenneth Don Nelson
28

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF ARGUMENT........................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED............................................... 2

III.  STATEMENT OF FACTS................................................................... 2

IV.   ARGUMENT ............................................................................... 4

   A.   THE MONTREAL CONVENTION....................................................... 4

   B.   REMOVAL PRINCIPLES................................................................ 6

   C.   REMOVAL WAS IMPROPER BECAUSE THE MONTREAL CONVETION DOES
      NOT COMPLETELY PREEMPT PLAINTIFF'S STATE LAW CLAIMS. ....................... 8

   D.   PLAINTIFF'S STATE LAW CLAIMS ARE NOT WITHIN THE SCOPE OF THE
      MONTREAL CONVENTION ........................................................... 10

V.    CONCLUSION ........................................................................... 13

**PLTF'S NOTICE OF MOTION**

# TABLE OF AUTHORITIES

**Federal Cases**

*Arora v. Hartford Life & Annuity Ins. Co.,*
    519 F.Supp.2d 1021 (N.D. Cal. 2007) ................................................................................ 1, 6

*Baah v. Virgin Atlantic Airways Ltd.,*
    473 F.Supp.2d 591 (S.D.N.Y. 2007) ...................................................................................... 5

*Beneficial Nat'l Bank v. Anderson,*
    539 U.S. 1 (2003) ....................................................................................................... 1, 7, 10

*Brownstein v. American Airlines, Inc.,*
    2005 U.S. Dist. LEXIS 30295, (N.D. Cal. 2005) ................................................................... 3

*Caterpillar, Inc. v. Williams,*
    482 U.S. 386 (1987) .................................................................................................... 6, 7, 9

*Daniel v. Virgin Atlantic Airways Ltd.,*
    59 F.Supp.2d 986 (N.D. Cal. 1998) ....................................................................................... 7

*Duncan v. Stuetzle,*
    76 F.3d 1480 (9th Cir. 1996) ................................................................................................. 6

*Ehrlich v. American Airlines, Inc.,*
    360 F.3d 366 (2nd Cir. 2004) ................................................................................................. 4

*El Al Isreal Airlines v. Tsui Yuan Tseng,*
    525 U.S. 155 (1999) ................................................................................................... 8, 9, 11

*Gaus v. Miles,*
    980 F.2d 564 (9th Cir. 1992) ................................................................................................. 6

*Holman v. Laulo-Rowe Agency,*
    994 F.2d 666 (9th Cir. 1993) ................................................................................................. 6

*In re American Airlines Privacy Litigation,*
    370 F.Supp.2d 552 (N.D. Tex. 2005) .................................................................................... 3

*In re Jetblue Airways Corp. Privacy Litigation,*
    379 F.Supp.2d 299 (E.D.N.Y. 2005) ..................................................................................... 3

*In re Mexico City Aircrash of Oct. 31, 1979,*
    708 F.2d 400, (9th Cir. 1983) ................................................................................................ 7

*In re: NOS Communications, MDL No. 1357,*
    495 F.2d 1052 (9th Cir. 2007) ............................................................................................... 6

*Knowlton v. American Airlines, Inc.,*
    2007 U.S. Dist. LEXIS 6882 (D. Md. Jan. 31, 2007) ......................................................... 10

## TABLE OF AUTHORITIES (continued)

*Lippitt v. Raymond James Fin. Sers., Inc.,*
  340 F.3d 1033 (9th Cir. 2003)...................................................................... 1, 7, 10

*Lister v. Stark,*
  890 F.2d 941 (7th Cir. 1989)................................................................................ 8

*Metropolitan Life Ins. Co. v. Taylor,*
  481 U.S. 58 (1987) .............................................................................................. 7

*Nigeria Charter Flights Contract Litigation,*
  2007 U.S. Dist. LEXIS 79351 (E.D.N.Y. 2007) ................................... passim

*Rivet v. Regions Bank of Louisiana,*
  522 U.S. 470 (1998) ............................................................................................ 6

*Rogers v. American Airlines, Inc.,*
  192 F.Supp.2d 661 (N.D. Tex. 2001)................................................................ 10

*Schmeling v. NORDAM,*
  97 F.3d 1336 (10th Cir. 1996) ............................................................................ 8

*Schmidkunz v. Scandinavian Airlines Systems,*
  628 F.2d 1205 (9th Cir. 1980)........................................................................... 11

*Singh v. North American Airlines,*
  426 F.Supp.2d 38 (E.D. N.Y. 2006) ................................................................. 10

*Sobol v. Continental Airlines,*
  2006 U.S. Dist. LEXIS 71096 (S.D. N.Y. Sept. 26, 2006) .............................. 12

*Societe Air France,*
  457 F.3d 496 (5th Cir. 2006), *cert. denied,* 127 S.Ct. 959 (2007) ................. 11

*Student A. v. Metcho,*
  710 F.Supp. 267 (N.D. Cal. 1989) ..................................................................... 6

*Takeda v. Northwestern Nat'l Life Ins. Co.,*
  765 F.2d 815 (9th Cir. (1985)............................................................................. 6

*Tall Club of Silicon Valley v. American Airlines, et al.,*
  2000 U.S. Dist. LEXIS 11302 (N.D. Cal. 2000)................................................. 3

*Wayne v.DHL Worldwide Express,*
  294 F.3d 1179 (9th Cir. 2002) ............................................................................ 7

*Weiss v. El Al Israel Airlines, Ltd.,*
  433 F.Supp. 2d 361, 2006 U.S. Dist. LEXIS 32563 (S.D.N.Y. 2006)...................... 1, 5, 10

ALASKA/PLTF'SNOTICEREMANDCASE           PLTF'S NOTICE OF MOTION

# TABLE OF AUTHORITIES (continued)

**Federal Statutes**

United States Code, Title 12
§ 85 ................................................................................................................. 7

United States Code, Title 12
§ 86 ................................................................................................................. 7

United States Code, Title 28
§ 1331 .........................................................................................................2, 4

United States Code, Title 28
§ 1441 ............................................................................................................. 6

United States Code, Title 28
§ 1447 (c) .................................................................................................... 1, 6

United States Code,  Title 29
§ 185 ............................................................................................................... 7

United StatesCode, Title 29
§ 1132 ............................................................................................................. 7

**State Case**

*Aquino v. Asiana Airlines, Inc.,*
   105 Cal.App.4th 1272, 130 Cal.Rptr. 223 (2003) .................................. 11

**State Statute**

California Code Civil Procedure
§ 382 ............................................................................................................... 4

**Miscellaneous**

"Convention for the Unification of Certain Rules Relating to International Carriage by Air" (the "Montreal Convention") ................................................................................ 4

Article 17 .......................................................................................................... 5

Articles 17 (1) .................................................................................................. 4

Article 18 .......................................................................................................... 5

Article 19 .................................................................................................... 5, 11

Article 24 ........................................................................................................ 11

Article 29 ............................................................................................. 1, 4, 9, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Don Nelson ("Plaintiff") asks this court to remand the entire

action to the Superior Court of the State of California, County of San Francisco pursuant to 28

U.S.C. § 1447 (c).  The action presents no basis for original federal subject matter jurisdiction by

this court and therefore is not removable.

Original jurisdiction is lacking in that the complaint pleads only state

law contract and common count claims.  Plaintiff is pursuing state law remedies.  Under the well-

pleaded complaint rule, Plaintiff's claims do not state federal causes of action.

Defendant's sole ground for removal is under the "Convention for the Unification of

Certain Rules for International Carriage by Air" (the "Montreal Convention").  However, the

Montreal Convention does not provide complete preemption over Plaintiff's state law claims so as

to transform them into claims that "arise under" federal law for purposes of original subject matter

jurisdiction.  Article 29 of the Montreal Convention suggests that the Convention is not intended

to wholly displace all causes of action based in state law.  Defendant has not demonstrated that

Congress intended that the Montreal Convention wholly displace Plaintiff's state causes of action.

*See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003); *Lippitt v. Raymond James Fin. Sers.,*

*Inc.,* 340 F.3d 1033, 1042 (9th Cir. 2003).

Further, Plaintiff's claims are not within the scope of the Montreal Convention.  Plaintiff's

claims arise from Defendant's breach (*i.e.,* nonperformance) of its contracts with Plaintiff (and

other Class members).  Plaintiff's claims do not concern delay, personal injury or damage to cargo

during the carriage of passengers and Plaintiff's damages did not occur on board an aircraft or

during embarking or disembarking from an international flight.  *Weiss v. El Al Isreal Airlines,*

1

*Ltd.,* 433 F.Supp.2d 361, 365-66, 369 (S.D. N.Y. 2006); *In re Nigeria Charter Flights Contract Litigation,* 520 F.Supp.2d 447, 454 (E.D. N.Y. 2007) ("*Nigeria Charter*"). Plaintiff's damages occurred when he purchased his airline tickets in California. This happened well before any process of embarking and not on board an aircraft. The Montreal Convention cannot serve as a basis for removal.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule 7-4 Plaintiff submits that the issues to be decided in this motion are:

1.    Whether this court has original federal subject matter jurisdiction over this action under 28 U.S.C. § 1331.

2.    Whether removal was improper because the Montreal Convention does not completely preempt Plaintiff's state law claims.

3.    Whether removal was improper because Plaintiff's claims do not come within the scope of the Montreal Convention.

## III.    STATEMENT OF FACTS

In his complaint, Plaintiff alleges that Alaska Airlines charged a tourism tax imposed by the Mexican government from all passengers traveling on Defendant's airline on flights between California and Mexico. (Complaint ¶¶ 1, 22, 23). Alaska Airlines, in turn, was supposed to remit the tourism tax receipts to the Mexican government. The Mexican tourism tax is charged by Alaska Airlines to its passengers who purchase an airline ticket from Defendant in California. Passengers who are persons holding FM-2 or FM-3 Visas, citizens of Mexico, diplomats, children under two years of age and persons staying in Mexico less than 24 hours are exempt from the Mexican tourism tax. As a person holding a Mexican FM-2 or FM-3 Visa, Plaintiff was exempt

2

from paying the Mexican tourism tax when he traveled to Mexico. (*Id.* ¶ 8).

During, at least, the last four years Plaintiff alleges that Alaska Airlines entered into written contracts in California with Plaintiff and other Class members for air travel between California and Mexico and specifying the date, flight number, origin and destination plus fare and taxes. (Complaint ¶¶ 7, 26). The terms of these contracts were contained in the respective airline tickets and "international contract of carriage" on Defendant's website at www.alaskaair.com/as/www2/compang/tarrif/international/tariffintltoc.asp. In particular, Defendant's contracts with Plaintiff and the Class members stated, in part, as follows: "Any tax or other charge imposed by government authority and collectable from a passenger will be in addition to the published fares and charges."[1] Plaintiff and the Class paid to Defendant for the purchase of their tickets by paying U.S. dollars or using frequent flyer miles. Plaintiff further alleges that Defendant promised Plaintiff and other Class members that Defendant only charged applicable taxes imposed by government authorities it was required to charge passengers who owed the taxes (*Id.* ¶ 27). **At the time the airline tickets were purchased,** Defendant charged Plaintiff and other Class members, a number of taxes for various taxing authorities, including the Mexican tourism tax of approximately $22.00 for each flight. (*Id.* ¶¶ 7, 27).

Plaintiff contends that the Mexican tourism tax was never owed by Plaintiff and other

---

[1] By purchasing an airline ticket, a contract was entered between Plaintiff and Defendant and the contract need not be attached to the complaint. *Brownstein v. American Airlines, Inc.*, 2005 U.S. Dist. LEXIS 30295, *13-*14 (N.D. Cal. 2005); *see also Tall Club of Silicon Valley v. American Airlines, et al.*, 2000 U.S. Dist. LEXIS 11302, *8 (N.D. Cal. 2000) ("contractual obligations expressed or implied in the terms of an airline ticket are generally enforceable under state contract law".) Defendant's website included written contract terms between Alaska Airlines and its passengers. See *In re American Airlines Privacy Litigation*, 370 F.Supp.2d 552, 556 (N.D. Tex. 2005) (court found privacy policy contained on defendant's website was part of the contract of carriage and plaintiffs' claims of breach of contract based on these documents was not expressly preempted); *In re Jetblue Airways Corp. Privacy Litigation*, 379 F.Supp.2d 299 (E.D.N.Y. 2005) (contract formed at the moment plaintiffs made a flight reservation).

ALASKA/PLTF'SNOTICEREMANDCASE                                                PLTF'S NOTICE OF MOTION

exempt Class members. In breach of their passengers' written contracts for air travel (including

Plaintiff), Alaska Airlines has improperly charged those passengers who are exempt from the

Mexican tourism tax the amount of money equal to that tax. (Complaint ¶¶ 2, 29, 30). Plaintiff

asserts causes of action, on behalf of himself and the Class, for (1) breach of written contracts, and

(2) money had and received. (*Id.* ¶ 25-33). Plaintiff further alleges that due to the delayed

discovery, any applicable statute of limitations is tolled. (*Id.* ¶ 24). This class action seeks to

recover for Plaintiff and the Class members the amount of the Mexican tourism tax improperly

charged by Alaska Airlines in the form of damages. (*Id.* ¶¶ 3, 31, 33).

This action is brought as a class action pursuant to Cal. Code Civ. Proc. § 382. (Complaint

¶¶ 15-20).

Alaska Airlines filed its Notice of Removal on July 24, 2008, asserting federal question

jurisdiction under 28 U.S.C. § 1331 as its basis for removal: "Removal of the Plaintiff's claim …

is appropriate because (1) the Plaintiff's claims 'arise under' federal law, and (2) federal law

completely preempts the area of law governing damages allegedly incurred by a passenger in

international carriage …. Specifically, the Plaintiff's action is completely preempted by Articles

17(1) and 29 of the Montreal Convention." (Notice of Removal at p. 3, lns. 4-11).

## IV.    ARGUMENT

### A.    THE MONTREAL CONVENTION

The Montreal Convention went into effect on November 4, 2003 and updated

and replaced the uniform system of liability for international air carriers contained in the Warsaw

Convention. *Nigeria Charter,* 520 F.Supp.2d 447, 452.[2] In addition to the Warsaw Convention's

---

[2] The Montreal Convention of 1999 ("Montreal Convention"), formally known as the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734, became U.S. law on November 4, 2003,. See *Ehrlich v. American Airlines, Inc.,* 360 F.3d 366, 372 (2nd Cir. 2004). Upon its effective date the

purpose to encourage the development of commercial aviation by limiting liability, "the Montreal Convention reflects an additional consideration: 'the importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution.'" *Id.,* (quoting Montreal Convention Preamble). Thus, the Montreal Convention shifts away from the Warsaw Convention's favoring of airlines "to one that continues to protect airlines from crippling liability, but shows increased concern for the rights of passengers and shippers." *Weiss,* 433 F.Supp.2d at 365.

While the Warsaw Convention no longer applies to claims arising after the effective date of the Montreal Convention, case law developed under the Warsaw Convention still applies in the interpretation of equivalent language found in the Montreal Convention. *See Baah v. Virgin Atlantic Airways Ltd.,* 473 F.Supp.2d 591, 596, n.7 (S.D.N.Y. 2007).

The Montreal Convention imposes three categories of strict liability on air carriers. Article 17 provides for carrier liability in the event of accidental death or bodily injury of a passenger while on board, embarking or disembarking the plane. Article 17 also includes liability for damage to or loss of baggage. Article 18 addresses liability for damages to cargo, and Article 19 imposes liability for damages resulting from delay of passengers, baggage or cargo. The Convention does not apply to a case of an airline's nonperformance of its contract. *Weiss,* 433 F.Supp.2d at 365-66, 369 (holding plaintiffs' "bumping" claims were grounded in a cause of action for nonperformance of a contract and not preempted); *Nigeria Charter,* 520 F.Supp.2d at 454 (holding airline's failure to transport passengers constituted nonperformance of contract which was outside scope of Convention.)

---

Montreal Convention replaced its predecessor, the Warsaw Convention (as amended by the Montreal Protocol, the "Warsaw Convention"). *Ehrlich,* 360 F.3d at 371, n.4.

1    **B.    REMOVAL PRINCIPLES**

2    "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding

3    that the complaint contains a cause of action that is within the original jurisdiction of the district

4    court.  If the complaint does not contain a cause of action that arises under federal law, the court

5    lacks subject matter jurisdiction and must remand the case to state court.  28 U.S.C. § 1447 (c)."

6    *Arora v. Hartford Life & Annuity Ins. Co.,* 519 F.Supp.2d 1021, 1028 (N.D. Cal. 2007) (rejecting

7

8    defendant's argument that plaintiffs' claims were completely preempted by ERISA and remanding

9    action as lacking federal subject matter jurisdiction).

10    Remand is presumptively favored over the assertion of federal jurisdiction

11    (*Student A. v. Metcho,* 710 F.Supp. 267, 269 (N.D. Cal. 1989), following *Takeda v. Northwestern*

12    *Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir. (1985)), and upon a motion for remand the burden

13

14    is upon the removing party to establish that removal was proper.  *Gaus v. Miles,* 980 F.2d 564, 566

15    (9th Cir. 1992).  A court must construe the removal statute strictly and reject jurisdiction if there is

16    any doubt that removal was proper.  *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).

17    Generally, the court should look only to the well-pleaded complaint to ascertain whether it

18    states a federal claim (*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)), and federal

19    defenses anticipated by the removing party, including preemption, should not be considered.  *See*

20    *In re: NOS Communications, MDL No. 1357*, 495 F.2d 1052, 1057 (9th Cir. 2007).  Under the

21

22    "well-pleaded complaint rule," the plaintiff is the "master of [his] claim," and his suit can be

23    removed only if, on the face of the complaint, a federal claim is presented.  *Caterpillar, Inc. v.*

24    *Williams*, 482 U.S. 386, 392, n.7 (1987).

25    The well-pleaded complaint rule is overridden only if complete preemption applies.

26    *Holman v. Laulo-Rowe Agency,* 994 F.2d 666, 668 (9th Cir. 1993).  This "independent corollary"

27

28

1  to the rule, known as the "complete pre-emption doctrine," applies only when the "pre-emptive

2  force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint

3  into one stating a federal claim'" such that it can be said to arise under the preempting federal law.

4  *Caterpillar, Inc.,* 482 U.S. at 393 (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65

5  (1987)). Complete preemption applies when "the federal statutes at issue provide [] the exclusive

6  cause of action for the claim asserted." *Lippitt v. Raymond James Fin. Sers., Inc.,* 340 F.3d 1033,

7  1042 (9th Cir. 2003); *see also Miles v. Okun,* 430 F.3d 1083, 1088 (9th Cir. 2005) (citing *Beneficial*

8  *Nat'l Bank v. Anderson,* 539 U.S. 1, 8-9 (2003) (stating that the Supreme Court "clarified that

9  

10 removal is proper under the complete preemption doctrine only when Congress intended the

11 federal cause of action to be exclusive" and finding complete preemption by the Bankruptcy Code

12 "for damages resulting from the filing of an involuntary bankruptcy petition").

13        Complete preemption arises only in "extraordinary" situations. *Wayne v.DHL Worldwide*

14 *Express,* 294 F.3d 1179, 1184 (9th Cir. 2002) (holding no complete preemption by the Airline

15 Deregulation Act). Indeed, the Supreme Court has identified only three federal statutes that

16 preempt state law completely: (1) Section 301 of the Labor-Management Relations Act (29 U.S.C.

17 § 185); (2) Section 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §

18 1132); and (3) the usury provisions of the National Bank Act (12 U.S.C. §§ 85, 86). *Beneficial*

19 *Nat'l Bank,* 539 U.S. at 7-8.

20        According to dicta in the only cases to have considered the issue, the Ninth Circuit does

21 not appear to recognize complete preemption under the Warsaw Convention. *Daniel v. Virgin*

22 *Atlantic Airways Ltd.,* 59 F.Supp.2d 986, 988 (N.D. Cal. 1998). *See, e.g., In re Mexico City*

23 *Aircrash of Oct. 31, 1979,* 708 F.2d 400, 414, n. 25 (9th Cir. 1983) (stating in dicta that "the

24 delegates [to the Warsaw Convention] did not intend that the cause of action created by the

25 

26 

27 

28 

7

1    Convention to be exclusive.  For example, in the United States, state law causes of action may be

2    invoked by plaintiffs injured during international air transportation.").

3        C.     **REMOVAL WAS IMPROPER BECAUSE THE MONTREAL CONVETION**
4                 **DOES NOT COMPLETELY PREEMPT PLAINTIFF'S STATE LAW**
             **CLAIMS.**

5        In support of removal Alaska Airlines relies on *El Al Isreal Airlines v. Tsui Yuan Tseng,*

6
7    525 U.S. 155 ("*Tseng*") (Notice of Removal at p. 4 ln. 21 – p. 5 ln. 8), in which the Supreme Court

8    held that the then applicable Warsaw Convention preempted state law personal injury claims

9    within its scope to the extent such claims are inconsistent with that Convention's limitations and

10   conditions.  *Id.,* at 176.  The brand of preemption that is articulated in *Tseng* is classic "conflict"

11   preemption according to which state law claims are preempted only to the extent they are

12   inconsistent with the federal law.  Such "conflict" preemption, though, is not complete

13   preemption.[3]  *Tseng* should not be read to mean that the Warsaw Convention (or the Montreal

14
15   Convention) transforms state law claims into federal ones.  The doctrine of complete preemption

16   was not raised in *Tseng*.

17       In *Tseng,* the plaintiff alleged personal injuries in the form of "psychic or psychosomatic

18   injuries," but alleged no bodily injury.  *Tseng,* 525 U.S. at 160.  The Supreme Court noted that

19   under Article 24 (1) of the Warsaw Convention, any personal injury claim must be brought

20   "subject to the conditions and limits set out in the Convention."  *Id.,* at 167-68.  The Supreme

21

22   _____
[3] Complete preemption is different in kind from conflict preemption.  Complete preemption is not
23   "a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a
     federal law."  *Schmeling v. NORDAM,* 97 F.3d 1336, 1342 (10th Cir. 1996).  It is "rather…a
24   description of the specific situation in which a federal law not only preempts a state law to some
     degree but also substitutes a federal cause of action for the state cause of action, thereby
25   manifesting Congress's intent to permit removal."  *Id.*  A federal court's jurisdictional decision
     regarding complete preemption does not preclude the state court from latter finding that the state
26   law cause of action is preempted by federal law.  *See Lister v. Stark,* 890 F.2d 941, 943-944 n.1
27   (7th Cir. 1989) (discussing distinction between jurisdictional complete preemption and ordinary
     preemption).

28

Court concluded that the plaintiff's claims fell within the scope of the treaty, but that, because the

treaty permitted only claims for bodily injury, the plaintiff's claims were barred. *Id.,* at 176.

*Tseng* represents simply the application of conflict preemption to state claims and does not mean

that the Warsaw Convention (or the Montreal Convention) completely preempts state law claims.

Under *Tseng,* remand is not forbidden even if Plaintiff's state law claims here turn out to

be inconsistent with the Montreal Convention. Although a defendant may ultimately prove that

the plaintiff's claims are preempted, this does not establish that those claims are removable to

federal court. *See Caterpillar,* 482 U.S. at 390.   Remand here is consistent with the narrow

decision in *Tseng.*

On its face, Article 29 of the Montreal Convention indicates that the Convention is not

intended to wholly displace all causes of action based in state law. [4]   Article 29 applies to "any

action for damages, however founded, whether under this Convention or in contract or in tort or

otherwise." It does not apply only to actions brought "under this Convention," as that would

render meaningless the words "or in contract or in tort or otherwise." Hence, the plain language of

the Convention demonstrates that not all damages actions involving the carriage of passengers,

baggage and cargo arise under the Convention. The Convention provides no justification for

avoiding the well-pleaded complaint rule.

The Montreal Convention does not completely preempt Plaintiff's claims from being

litigated in state court. Alaska Airlines has not demonstrated that Congress intended that the

Montreal Convention "wholly displace[]" Plaintiff's contract causes of action. *See Beneficial*

---

[4] "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable." Art. 29.

9

1   *Nat'l Bank*, 539 U.S. at 8; *Lippitt*, 304 F.3d at 1042; *see also Rogers v. American Airlines, Inc.*,

2   192 F.Supp.2d 661, 665 (N.D. Tex. 2001) ("complete preemption doctrine, which authorizes a

3   case to be removed to a federal forum, is separate and distinct from the more common question of

4   whether a given federal law preempts a conflicting state cause of action").[5]

5       In short, Alaska Airlines fails to show that Plaintiff's state law claims are completely

6   preemptory by the Montreal Convention such that they "arise under" that treaty for purposes of

7

8   original subject matter jurisdiction.  Removal was improper and the case should be remanded.

9       **D.   PLAINTIFF'S STATE LAW CLAIMS ARE NOT WITHIN THE SCOPE OF**
     **THE MONTREAL CONVENTION**

10

11      Plaintiff's claims do not arise from delay, personal injury or damage to cargo during the

12  carriage of passengers.  Plaintiff's damages did not occur on board an aircraft or during embarking

13  or disembarking from an international flight.  The Montreal Convention is not implicated in this

14  case.  Plaintiff was damaged from the improper charge of an inapplicable tourism tax at the time

15  he purchased his airline tickets.  Plaintiff's claims arise from Alaska Airline's breach (*i.e.*,

16  nonperformance) of its contracts with Plaintiff (and other passengers) and California law affords

17

18  an adequate remedy.  *Weiss*, 433 F.Supp.2d at 365-66, 369; *see also Nigeria Charter*, 520

19  F.Supp.2d at 454.  "'The [Warsaw] Convention's preemptive effect on local law extends no

20  further than the Convention's own substantive scope ... A carrier therefore, is indisputably

21  subject to liability under local law for injuries arising out of that scope: *e.g.*, for passenger injuries

22

23  _____
    [5] The cases which Defendant string cites to address the Montreal Convention preemption defense

24  (Notice of Removal at p. 6, lns. 8-17) tend to conflate conflict preemption with the complete
    preemption exception to the well-pleaded complaint rule.  *See, e.g., Knowlton v. American*

25  *Airlines, Inc.*, 2007 U.S. Dist. LEXIS 6882, * 4- *5 (D. Md. Jan. 31, 2007) (curiously finding
    complete preemption and denying motion to remand based on cases regarding the merits of

26  preemption defense); *Singh v. North American Airlines*, 426 F.Supp.2d 38, 45-48 (E.D. N.Y.
    2006) (relying on an analysis of merits of preemption defense to find complete preemption

27  justifying federal jurisdiction).

28

occurring before any of the operations of embarking or disembarking.'" *Tseng,* 525 U.S. at 172.

For example, in *Nigeria Charter*, passengers sued various parties for cancelled flights for, *inter alia*, breach of contract. 520 F.Supp.2d at 450-51. Defendants moved for summary judgment claiming the Montreal Convention preempted Plaintiffs' state law claims. *Id.* In its interpretation of Articles 19 and 29 of the Montreal Convention, the court found that the plaintiffs were alleging nonperformance, not delay, and thus the Montreal Convention did not preempt those state law claims. *Id.*, at 453. "[T]he drafting history of the Warsaw Convention's Article 19 – whose pertinent language is identical to its Montreal Convention counterpart – indicates that it was not intended to cover claims for nonperformance." *Id.*, at 455.

Alaska Airlines wrongly relies on *Mbaba v. Societe Air France,* 457 F.3d 496, 500 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 959 (2007). (Notice of Removal at p. 12, ln. 17 – p. 13 ln. 18.) In *Mbaba* plaintiff's damages occurred during check-in, that is during the embarking process for his trip and the court found his claims preempted. *Id.*, at 497. In *Mbaba* plaintiff was damaged by having to pay extra baggage fees and Article 24 specifically preempts claims resulting from the carriage of baggage. *Id.*, at 497, 500.

Here, Plaintiff's damages occurred *at the time he purchased his airline ticket and paid the tourism tax.* This happened before embarking and not on board the aircraft. (Complaint ¶¶ 7, 25-33).[6] Alaska Airlines admits that (1) "Alaska includes the Mexican tourism tax in the price of tickets that are sold"; (Notice of Removal at p. 10, lns. 18-19); and (2) the vast

---

[6] "The questions of whether a passenger is involved in any of the operations of embarking is a question of law to be decided based on the facts of each case." *Aquino v. Asiana Airlines, Inc.,* 105 Cal.App.4th 1272, 1279, 130 Cal.Rptr. 223, 228 (2003) (citing *Schmidkunz v. Scandinavian Airlines Systems,* 628 F.2d 1205, 1207 (9th Cir. 1980). Courts apply a test that examines the totality of the circumstances. "Courts have found the Warsaw Convention inapplicable, [], where passengers were still in common areas, were not under the control of airline personnel, or were not physically near the departure gate." *Id.*, at 1280 (citations omitted).

11

majority of passengers purchase their tickets for Alaska through the internet or over the telephone (and Plaintiff himself is believed to have done so)." (*Id.*, at p. 10, lns. 26-27).

Alaska Airlines surmises that "if the Plaintiff had decided not to board the Alaska flights and was eligible for a refund of his tickets he also would have been refunded the $22 Mexican tourism Tax …." (Notice of Removal at p. 9, lns. 20-26). This is sophistry. First, Defendant admits that it places the onus on exempt passengers to seek refunds for routinely charging taxes that unknown to exempt passengers do not apply. Second, Defendant concedes it has no procedure by which an exempt passenger (such as Plaintiff) may request a refund for a wrongfully imposed tax on a *used* ticket.

And, finally, straining to fit within the preemption sanctuary Defendant observes that "Plaintiff here is complaining because he was charged more for his transportation *on board* the Alaska flights than he claims he should have paid." (Notice of Removal at p. 9, lns. 9-19). Again, Plaintiff was charged the tax when he bought his ticket and thereby damaged *before* he boarded his flight. Defendant misreads *Sobol v. Continental Airlines,* 2006 U.S. Dist. LEXIS 71096 (S.D. N.Y. Sept. 26, 2006) to equate seat reassignments as part of the embarkation process in that case to Plaintiff's different claims here. In *Sobol,* plaintiffs were "downgraded" to coach on their flights prior to boarding but were reimbursed cash plus travel vouchers, additional free upgrades on a future flight and frequent flier miles. *Id.,* at *2-*4. Plaintiffs alleged that part of their family was seated in first class and part in coach and this "separation and segregation" occurred "on board" causing them emotional distress. *Id.,* at *10-*12. *Sobol* does not support Alaska Airlines' position.

Since Plaintiff's contract claims against Alaska Airlines are not within the scope of the Montreal Convention, they are not preempted and removal was improper.

1  ## V.    CONCLUSION

2          The Montreal Convention does not supply original jurisdiction over Plaintiff's

3  claims.  Removal was improper and the action should be remanded.

4  Dated:  August 13, 2008                          Respectfully submitted,

5                                                    THE ROSSBACHER FIRM

6

7

8

9  By:  _____
                                                    Henry H. Rossbacher
10

11                                                  Attorneys for Plaintiff
                                                    Kenneth Don Nelson
12

13  ALASKA/PLTF'SNOTICE.MOTION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

**CASE NAME: KENNETH DON NELSON v. ALASKA AIRLINES INC.**

**CASE NUMBER: CV08-03560 (JSW)**

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 811 Wilshire Blvd., Ste. 1650, Los Angeles, California 90017-2666.

  On August 13, 2008, I served the following document on the parties in this action listed below in the manner designated below:

> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1447 (c); AND MEMORANDUM OF POINTS AND AUTHORITIES**

| | |
|---|---|
| Philip F. Atkins-Patterson, Esq.<br>SHEPPARD, MULLIN, RICHTER<br>& HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA  94111<br>patkinspattenson@sheppardmullin.com<br><br>Attorneys for Defendants | |

  <u>**BY NOTICE OF ELECTRONIC FILING**</u>.  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

  I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on August 13, 2008, at Los Angeles, California

Maricela Ruiz

2

PROOF OF SERVICE

1  Henry H. Rossbacher, Esq. (SBN 060260)
   Talin K. Tenley, Esq. (SBN 217572)
2  **THE ROSSBACHER FIRM**
   811 Wilshire Blvd., Suite 1650
3  Los Angeles, California 90017-2666
   Telephone: (213) 895-6500
4  Facsimile: (213) 895-6161
   Email: h.rossbacher@rossbacherlaw.com
5  t.tenley@rossbacherlaw.com
   Attorneys for Plaintiff
6  Kenneth Don Nelson

7

8              **UNITED STATES DISTRICT COURT**

9
              **NORTHERN DISTRICT OF CALIFORNIA**
10

11               **(SAN FRANCISCO DIVISION)**

12

13  KENNETH DON NELSON, individually and    )   Case No.: C 08-03560 (JSW)
    on behalf of all others similarly situated,  )
14                                             )   **CLASS ACTION**
                                               )
15            Plaintiffs,                       )   **[PROPOSED] ORDER GRANTING**
                                               )   **PLAINTIFF'S MOTION TO REMAND**
16       v.                                     )   **CASE FOR LACK OF SUBJECT**
                                               )   **MATTER JURISDICTION FOR**
17  ALASKA AIRLINES, INC., and DOES 1         )   **IMPROPER REMOVAL PURSUANT TO**
    through 100, inclusive,                     )   **28 U.S.C. § 1447(c)**
18                                             )
              Defendants,                       )
19                                             )
                                               )   Date: October 17, 2008
20                                             )   Time: 9:00 A.M.
                                               )   Courtroom: 2 (17th Floor)
21                                             )   Judge: Hon. Jeffrey S. White
                                               )
22                                             )
                                               )
23                                             )
                                               )
24                                             )
                                               )
25  _____ )

26

27

28

ALASKA/PROPOSED ORDER                                          **[PROPOSED] ORDER**

1    On October 17, 2008, Plaintiff's Motion To Remand Case for Lack of Subject Matter

2    Jurisdiction and Award for Improper Removal Pursuant 28 U.S.C. § 1447(c) ("Plaintiff's

3    Motion") came on for hearing before this Court, the Honorable Jeffrey S. White, presiding.

4    _____ of The Rossbacher Firm appeared for Plaintiff Kenneth Don

5    Nelson. _____ of Sheppard, Mullin, Richter & Hampton LLP,

6    appeared for Defendant Alaska Airlines, Inc.  Having considered the briefs and arguments of

7    counsel, therefore

8    

9    IT IS HEREBY ORDERED:

10    1.    Plaintiff's Motion is GRANTED.

11    2.    The entire action is remanded to the Superior Court of the State of California,

12    County of Los Angeles.  28 U.S.C.  1441 (c).  Original federal subject matter jurisdiction under

13    U.S.C. § 1331 is lacking here.  The complaint only pleads California state law claims for breach of

14    contract and money had and received, and does not contain a cause of action that "arise under"

15    federal law.  *See Arora v. Hartford Life & Annuity Ins. Co.,* 519 F.Supp.2d 1021, 1028 (N.D. Cal.

16    

17    2007).

18    3.    Generally, the court should look only to the well-pleaded complaint to ascertain

19    whether it states a federal claim (*Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998)),

20    and federal defenses anticipated by the removing party, including preemption, should not be

21    considered.  *See In re: NOS Communications*, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir.

22    2007).  Under the "well-pleaded complaint rule," the plaintiff is the "master of [his] claim," and

23    his suit can be removed only if, on the face of the complaint, a federal claim is presented.

24    *Caterpillar Inc. v. Williams,* 482 U.s. 386, 392-93 (1987).  The well-pleaded complaint rule is

25    overridden only if complete preemption applies.  *Holman v. Laulo-Rowe Agency,* 994 F.3d 666,

26    668 (9th Cir. 1993).  Complete preemption, though, arises only in "extraordinary" situations.

27    

28    

1

**[PROPOSED] ORDER**

*Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1184 (9th Cir. 2002). Upon a motion for remand the burden is upon the removing party to establish that removal was proper. *Graus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992).

4.    Defendant's sole ground for removal is under the "Convention for the Unification of Certain Rules for International Carriage by Air", signed at Montreal on May 28, 1999, reprinted in S. Treaty Doc. No. 106-45 and available at 1999 WL 33292734 (the "Montreal Convention"). However, the Montreal Convention does not provide complete preemption over the state law claims alleged in Plaintiff's complaint so as to transform them into claims that "arise under" federal law for purposes of original subject matter jurisdiction. Article 29 of the Montreal Convention suggests that the Convention is not intended to wholly displace all causes of action based in state law. Indeed, Defendant has not demonstrated that Congress intended that the Montreal Convention wholly displace Plaintiff's alleged state causes of action. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003); *Lippitt v. Raymond James Fin. Sers., Inc.,* 340 F.3d 1033, 1042 (9th Cir. 2003) (complete preemption applies only when "the federal statutes at issue provide [] the exclusive cause of action for the claim asserted").

5.    The Montreal Convention imposes three categories of strict liability on air carriers. Article 17 provides for carrier liability in the event of accidental death or bodily injury of a passenger while on board, embarking, or disembarking the plane. Article 17 also includes liability for damage to or loss of baggage. Article 18 addresses liability for damage to cargo, and Article 19 imposes liability for damages resulting from delay of passengers, baggage or cargo. "[T]he Supreme Court has observed of the Warsaw Convention, whose preemptive effect is the same as that of the Montreal Convention, that '[its] preemptive effect on local law extends no further than [its] own substantive scope.'" *In re Nigeria Charter Flights Contract Litigation,* 520 F.Supp.2d 447, 455 (E.D. N.Y. 2007) (quoting *El Al Israeli Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155,

172 (1999)).

6.     From the face of Plaintiff's complaint, his claims are not within the scope of the Montreal Convention.  Plaintiff's complaint does not mention the Montreal Convention or any federal statutory ground for relief.  Plaintiff contends his claims arise from Defendant's breach (*i.e.,* nonperformance) of its contracts with Plaintiff (and other putative Class members) and they may have a remedy under California law.  *Weiss v. El Al Isreal Airlines, Ltd.,* 433 F.Supp.2d 361, 365-66, 369 (S.D. N.Y. 2006); *see also In re Nigeria Charter Flights Contract Litigation,* 520 F.Supp.2d 447, 454.  Plaintiff alleges that his damages occurred when he purchased his airline tickets from Defendant in California and paid the disputed Mexican tourism tax.  This allegedly happened before any process of embarking and not on board an aircraft.  Accordingly, the Montreal Convention cannot serve as the basis for removal.

Dated:

_____
Jeffrey S. White
United States District Judge

ALASKA/PROPOSED.ORDER

[PROPOSED] ORDER

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

**CASE NAME: KENNETH DON NELSON v. ALASKA AIRLINES INC.**

**CASE NUMBER: CV08-03560 (JSW)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 811 Wilshire Blvd., Ste. 1650, Los Angeles, California 90017-2666.

On August 13, 2008, I served the following document on the parties in this action listed below in the manner designated below:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION FOR IMPROPER REMOVAL PURSUANT TO 28 U.S.C. § 1447 (c)**

| | |
|---|---|
| Philip F. Atkins-Pattenson, Esq.<br>SHEPPARD, MULLIN, RICHTER<br> & HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA  94111<br>patkinspattenson@sheppardmullin.com<br><br>Attorneys for Defendants | |

**BY NOTICE OF ELECTRONIC FILING**.  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 13, 2008, at Los Angeles, California

Maricela Ruiz

ALASKA/POS

**PROOF OF SERVICE**