SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PHILIP F. ATKINS-PATTENSON, Cal. Bar. No. 94901
TED C. LINDQUIST, III, Cal. Bar No. 178523
Four Embarcadero Center, Seventeenth Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: patkinspattenson@sheppardmullin.com
         tlindquist@sheppardmullin.com

Attorneys for Defendant
ALASKA AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| KENNETH DON NELSON, suing individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., and defendant Does 1 through 100, inclusive.<br><br>Defendants. | Case No. C:08-03560 (JSW)<br><br>**CLASS ACTION**<br><br>**[PROPOSED]**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Date:      October 17, 2008<br>Time:      9:30 a.m.<br>Courtroom: 2 (17th Floor)<br>Before:    The Hon. Jeffrey S. White |

Plaintiff's motion to remand came on regularly for hearing on October 17, 2008. Appearing on behalf of Plaintff was Henry H. Rossbacher of The Rossbacher Law Firm. Appearing on behalf of defendant Alaska Airlines, Inc. ("Alaska") was Philip F. Atkins-Pattenson of Sheppard, Mullin, Richter & Hampton LLP.

Having considered the papers filed in support of and in opposition to the motion to remand, and having heard the arguments of counsel, and good cause appearing in support thereof,

1    IT IS HEREBY ORDERED that Plaintiff's motion to remand be and hereby is
2 denied.
3    In his Complaint, originally filed in San Francisco Superior Court, Plaintiff alleges
4 that he, as well as others similarly-situated, was charged a Mexican Tourism Tax on flights
5 between California and Mexico, but that he was exempt from such Tax.  On July 24, 2008,
6 Alaska removed the action to this Court on the basis of federal question jurisdiction, 28
7 U.S.C. § 1331, asserting that the Montreal Convention provides wholly displaces Plaintiff's
8 state law causes of action.  (Dkt. # 1.)  On August 13, 2008, Plaintiff moved to remand the
9 action to state court (Dkt. # 13), which Alaska opposed.
10    The Court concludes that the Montreal Convention provides complete preemption
11 of Plaintiff's claims and that his claims relating to Alaska's charges for the Mexican
12 Tourism Tax arise of an occurrence that falls within the scope of the Montreal Convention.
13 (*El Al Israeli Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155 (1999)(state law claims
14 within scope of Warsaw Convention, the predecessor to the Montreal Convention, cannot
15 be pursued).  As Alaska's uncontroverted testimony in support of its removal shows,
16 Plaintiff's claims relating to the imposition of the Mexican Tourism Tax arose either on
17 board the Alaska aircraft or during the embarkation process, but not during the ticketing
18 process, and therefore fall within the scope of the Montreal Convention.  (*See* Thiel
19 Declaration, ¶ 8; Jarvis Declaration, ¶ 5; and Butler Declaration, ¶ 3(d); *see also Singh v.*
20 *North American Airlines,* 426 F.Supp.2d 38, 45 (E.D.N.Y. 2006)(occurrence under
21 Warshaw Convention during process of checking in); *Day v. Trans World Airlines, Inc.,*
22 393 F.Supp. 217, 222 (S.D.N.Y. 1975), *aff'd,* 528 F.2d 31 (2d Cir. 1975)(describing
23 embarkation process).

25 Dated: _____, 2008 _____
26                                         The Honorable Jeffrey S. White
                                            UNITED STATES DISTRICT JUDGE

-2-