Henry H. Rossbacher, Esq. (SBN 060260)
James S. Cahill, Esq. (SBN 070353)
Talin K. Tenley, Esq. (SBN 217572)
**THE ROSSBACHER FIRM**
811 Wilshire Blvd., Suite 1650
Los Angeles, California 90017-2666
Telephone: (213) 895-6500
Facsimile: (213) 895-6161
Email: h.rossbacher@rossbacherlaw.com
j.cahill@rossbacherlaw.com
t.tenley@rossbacherlaw.com

Attorneys for Plaintiff
Kenneth Don Nelson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

| | |
|---|---|
| KENNETH DON NELSON, individually and on behalf of all others similarly situated, | Case No.: C 08-03560 (JSW) |
| Plaintiffs, | **CLASS ACTION** |
| v. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1447(c)** |
| ALASKA AIRLINES INC., and DOES 1 through 100, inclusive, | |
| Defendants, | Date: October 17, 2008 |
| | Time: 9:00 a.m. |
| | Courtroom: 2 (17th Fl.) |
| | Judge: Hon. Jeffrey S. White |

0

## I.    INTRODUCTION

Defendant Alaska Airlines, Inc. ("Defendant" or "Alaska Airlines") fails to establish that removal of this case under Articles 17(1) and 29 of the "Convention for the Unification of Certain Rules for International Carriage by Air" (the "Montreal Convention") was proper.  Specifically, Defendant fails to show that Plaintiff's claims are completely preempted by that treaty such that they "arise under" it for purposes of original subject matter jurisdiction pursuant to 28 U.S.C. §1331.  Plaintiff's complaint contains no reference whatsoever to any federal law.

From the face of Plaintiff's complaint, his causes of action are not within the scope of the Montreal Convention.  Plaintiff disputes that Article 17(1) (expressly limited to death and bodily injury accidents) applies to Plaintiff's claims which are rooted in non-performance of the alleged written contracts.

## II.    ALASKA AIRLINES FAILS TO ESTABLISH THAT THE MONTREAL CONVENTION COMPLETELY PREEMPTS PLAINTIFF'S STATE LAW CLAIMS.

A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  Complete preemption occurs only when Congress intends not only to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court.  *See Metropolitan Life Inc. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).  In other words, Congress must clearly manifest an intent to convert state-law claims into federal question claims.  *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).  In *Beneficial Nat'l Bank* the Supreme Court explained that the "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive."  539 U.S. at 9 n.5.

The text of the Montreal Convention indicates that it was not intended to constitute an exclusive cause of action.

1

In *Akrami v. British Airways PLC*, No. C 01-02882 SC, 2002 WL 31031324, *1 (N.D. Cal. Sept. 10, 2002), the plaintiff filed suit against British Airways in state court, asserting only state law claims (breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, and fraud) stemming from delay of an international cargo shipment. British Airways removed the action to the district court, contending that the claims arose under the Warsaw Convention. Judge Samuel Conti examined Article 24(2), which describes that treaty's preemptive effect:

> In the carriage of cargo, any action for damages, however founded, whether under this Convention *or in contract or in tort or otherwise*, can only be brought subject to the conditions and limits of liability set out in the Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. . . .

Warsaw Convention, Art. 24(2) (emphasis added). Concentrating on the words "or in contract or in tort or otherwise," Judge Conti concluded that the Warsaw Convention does not transform claims pleaded under state law into federal claims:

> [I]t is absolutely clear from the plain text of [Article 24] that the Warsaw Convention cannot provide the exclusive cause of action to redress a loss stemming from a delay in the shipment of cargo that is within the substantive scope of the Warsaw Convention. Rather, it preempts only the remedies provided by other causes of action to the degree that those remedies conflict with 'conditions and limits of liability set out in the Convention.'

*Id.*, at 3. The court determined that removal based on the Warsaw Convention had been improper,

2

and ordered remanded. *Id.* at *8.[1]

Article 29 of the Montreal Convention contains the identical "or in contract or in tort or otherwise" language in the context of not just cargo claims, but passenger claims as well:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention *or in contract or in tort or otherwise*, can only be brought subject to the conditions and such limits of liability as are set out in the Convention. . . . .

Montreal Convention, Art. 29 (emphasis added). Thus, the Montreal Convention provides no more basis for avoiding the well-pleaded complaint rule than did the Warsaw Convention. Article 29 indicates that the Montreal Convention accommodates non-conflicting state causes of action.

Conversely, Defendant's case authorities are not persuasive failing to explain how the Montreal Convention creates an exclusive cause of action which completely preempts Plaintiff's state claims. (*See* Oppo. at p.2 ln.18- p.6 ln.17). *In re Mexico City Aircrash,* 708 F.2d 400 (9th Cir. 1983) the Ninth Circuit considered whether the Warsaw Convention covered the deaths of three flight attendants who sued the airline under the Warsaw Convention following a crash. The court ruled the Convention inapplicable to two of the flight attendants finding that they were not "passengers" and granted summary judgment in favor of the airline. *Id.* at 417. With respect to the third flight attendant, she was a "deadheading" employee traveling on the doomed airplane to take an assigned duty on a different flight. The court refused to hold as a matter of law that the

---

[1] A number of cases have held that the Warsaw Convention does not completely preempt the field. *Nipponkoa Inc. Co., Ltd. v. Golbeground Services, Inc. et al.,* 2006 U.S. Dist. LEXIS 76227, *8-*9 (N.D. Ill. Sept. 28, 2006) ("[P]laintiff's claims sounded in state law and were not based on the Warsaw Convention.... Federal question jurisdiction may not be involved based on the Warsaw Convention defense regardless whether it applies to limit any of plaintiff's claims); *Rogers v. American Airlines, Inc.,* 192 F.Supp.2d 661, 664-72 (N.D. Tex. 2001); *Dorazio v. UAL Corp.,* 2002 U.S. Dist. LEXIS 18809, *2-*3 (N.D. Ill. Oct. 2, 2002).

1   third flight attendant was not a passenger leaving ultimate resolution to the jury. *Id.* at 318.

2   Although the court held that "the Warsaw Convention creates a cause of action for wrongful

3   death" (*Id.* at 415) the court also observed:

> The language of article 24(1) that any action, 'however founded', must be brought
>
> subject to the conditions and limits of the Convention, might be taken to mean that
>
> an action must be 'founded' on some other law then the Convention. . . .  The best
>
> explanation for the wording of article 24(1) appears to be that the delegates did not
>
> intend that the cause of action created by the Convention to [sic] be exclusive.  708
>
> F.2d at 414 n.25.[2]

11      In *Husmann v. TWA*, 169 F.3d 1151 (8th Cir. 1999), a passenger sued TWA for personal

12  injuries while boarding an airplane.  The tort claim was based on Missouri law.  The case was

13  removed to district court pursuant to the Warsaw Convention and plaintiff's motion to remand was

14  denied.  The Eighth Circuit affirmed: "[W]e also think the Supreme Court's holding [in *El Al*

15  *Isreal Airlines v. Tsui Yuan Tseng*, 525 U.S. 155 (1999)] that the Warsaw Convention provides the

16  exclusive cause of action for injuries sustained during international air transportation answers the

17  dissent's argument that [plaintiff's] claim is not removable under the well-pleaded Complaint

18  rule." *Husmann*, 169 F.3d at 1153 n.5.  In his dissent, Judge Morris S. Arnold noted that the

19  majority had not analyzed the well-pleaded complaint rule:

> [T]he state courts are (indeed, they must be) open to preemption defenses, . . . [but
>
> the majority] does not indicate why the preemption created by the Warsaw
>
> Convention is the kind that allows a defendant to evade the well-pleaded complaint

---

[2] In *Twardowski v. American Airlines, Inc. et al.,* 2008 U.S. App. LEXIS 16110, *2 (9th Cir. July 30, 2008) the Ninth Circuit was not presented with the issue of complete preemption in the removal context.

4

1    rule.  Most of the cases that the . . . [majority] relies on were not removed to a

2    federal court, and in none of them was the question of whether removal was proper

3    raised or decided.

4  169 F.3d at 1154.[3]

5

6        Alaska Airlines' dependence on *Singh v. North American Airlines*, 426 F.Supp.2d 38

7  (E.D.N.Y. 2006) is unavailing.  In *Singh* the plaintiff was arrested and incarcerated for almost nine

8  months after illegal drugs were found in luggage bearing his name.  He brought an action against

9  the airline, alleging *inter alia* that it negligently failed to prevent its employees from transporting

10 contraband in the names of lawful passengers.  The airline's negligence arose from the

11 mislabelling of luggage with the plaintiff's identification.  The airline argued that plaintiff's

12 negligence claims were preempted under the Airline Deregulation Act ("ADA") and the Warsaw

13 Convention. *Id*. at 40-44.  The court decided that the ADA did not provide complete preemption *Id*

14 at 43.  The court further ruled that federal subject matter jurisdiction existed, and remand was not

15

16 permitted because the Warsaw Convention preempted plaintiff's claims.  *Id*. at 44.

17        In finding complete preemption, however, the court in *Singh* failed to focus on the treaty

18 itself or the intent of the treaty drafters to determine whether the Warsaw Convention was

19 intended to afford the exclusive cause of action and thereby wholly displace plaintiff's state law

20

21 claims.  Instead, the court wrongly assumed that the Supreme Court in *El Al Isreal Airlines v.*

22 *Tseng*, 525 U.S. 155 (1999) ("*Tseng*") had decided that the Warsaw Convention completely

23 preempts state law.  *Singh*, 426 F.Supp.2d at 44.  The *Singh* court misconstrued the holding of

24 *Tseng*.  The Supreme Court in *Tseng* "did not address the propriety of removing an action that

25  ─────────────────

26  [3] In neither *Potter v. Delta Airlines, Inc*., 98 F.3d 881 (5th Cir. 1996) nor *Boehringer-Mannheim Diagnostics, Inc. v. Pan American World Airways Inc*., 737 F.2d 456 (5th Cir. 1984), *cert. denied*.,

27  470 U.S. 1059 (1985), did the Fifth Circuit discuss the well-pleaded complaint rule.  In both cases, plaintiffs' Warsaw Convention claims appeared on the face of the complaints.

28

5

sounds in state law because it is allegedly completely preempted by the Warsaw Convention."

*Akrami*, 2002 WL 31031324 at *2. "*Tseng* addresses conflict preemption rather than complete

preemption." *Akrami, supra.* at *2 n.2.[4] The *Singh* court wrongly concentrated on the merits of

the preemption defense to find complete preemption justifying federal jurisdiction. *Singh*, 426

F.Supp.2d at 45-48.

The conclusion in *Knowlton v. American Airlines, Inc.*, 2002 U.S. Dist. LEXIS 6882, *14-

*15 (D.Md. Jan. 31, 2007) is unsupported by the reasoning required by the Supreme Court in

*Beneficial Nat'l Bank.* First, the *Knowlton* court did not identify the provision(s) of the Montreal

Convention (or the Warsaw Convention) on which the airline based its removal notice. In its

response to plaintiff's remand motion the airline admitted that "Montreal Convention did not

specifically discuss carrier liability for the alleged breach of contract . . . ." *Id.* at *3. Second, the

court reached its decision by adopting "the reasoning of those cases finding in favor of

preemption." *Id.* at *14-*15. Rather than undertaking its own inquiry, the *Knowlton* court

accepted the results of *Husmann v. TWA* (which preceded *Beneficial Nat'l Bank*) and *Singh v.

North American Airlines. Knowlton, supra.* at *13. As explained above, those cases misconstrued

the narrow ruling in *Tseng*. In short, the *Knowlton* court found complete preemption denying

remand based on other cases regarding the merits of the preemption defense.

None of the authorities cited by Alaska Airlines should be followed by this court. The

Montreal Convention does not effectuate complete preemption over Plaintiff's state law claims.

/ / /

---

[4] The Supreme Court in *Tseng* also interpreted an earlier version of Article 24 of the Warsaw Convention which did not include the phrase "whether under this Convention or in contract or in tort or otherwise." *Akrami*, 2002 WL 31031324 at *3.

**III.    FROM THE FACE OF PLAINTIFF'S COMPLAINT HIS CLAIMS DO NOT
ARISE UNDER THE CONVENTION BECAUSE THEY ARE NOT WITHIN THE
TREATY'S SCOPE.**

Plaintiff disputes that Article 17(1) applies to his claims against Alaska Airlines. (*See*
Notice of Removal at p.3 lns. 4-11; Oppo. at p.1 lns.9-14 and p.8 lns.3-26). The liability of an
airline for passenger "death or bodily injury" during the course of "international carriage" as
defined by Article 1(2) is expressed in Article 17(1). The airline's liability depends on a showing
that the death or bodily injury was caused by an "accident" that occurred on the aircraft "or in the
cause of any operations of embarking or disembarking" and resulted in "death or bodily injury."
The Supreme Court in *Tseng*, 525 U.S. at 170-71, was careful to limit the preemptive effect of the
Warsaw Convention (and hence the Montreal Convention) cause of action for bodily injury and
death to the substantive scope of Article 17(1), and no further.

Plaintiff's claims here, though, are rooted in Defendant's non-performance of the alleged
written contracts. Breach of contract is not an "accident" under Article 17(1). Plaintiff does not
allege death or bodily injury. (Complaint ¶¶25-33). Plaintiff seeks contract damages for breach,
not tort damages for an accident resulting in personal injury. (*Id.* ¶¶3, 30, 33). Plaintiff's contract
claims are not within Article 17 (1). *See Wogel v. Mexicana Airlines*, 821 F.2d 442, 444-45 (7th
Cir. 1987), *cert. denied,* 484 U.S. 987 (1987) (finding that the delegates to the Warsaw
Convention had "agreed that the Convention should not apply to a case of non-performance of a
contract"); *accord, In re Nigeria Charter Flights Contract Litigation*, 520 F.Supp.2d 447, 454-55
(E.D. N.Y. 2007); *Weiss v ElAl Isreal Airlines*, 433 F.Supp.2d 261, 365-369 (S.D. N.Y. 2006)
(noting Montreal Convention's preemption provision (Art. 29) applies only where an action for
damage falls within one of the Convention's three damage provisions (Arts. 17, 18, and 19).)[5]

---

[5] Defendant shades the narrow ruling in *Tseng*, 525 U.S. at 176, when it implies that Plaintiff's
"non-bodily injury" is within the scope of Article 17(1). (Oppo. at p.8 lns.16-26). *Tseng*

1    Since Plaintiff's claims do not arise from bodily injury further inquiry into Article 17(1) is

2    unnecessary.  Nevertheless, Plaintiff disputes Defendant's contention that the "operative

3    occurrence" for Plaintiff's claims was when he checked-in or on board an Alaska aircraft.  (Oppo.

4    at p.8 ln.27-p.12 ln. 11).  Plaintiff's damages occurred when he purchased his airline ticket and

5    paid the tourism tax.  This happened before embarking and not on board an aircraft.  (Complaint

6    ¶¶7, 25-33).

7

8    Contrary to Alaska Airlines' opinion, passengers are not embarking simply because they

9    have checked into their flights.  In many instances check-in occurs before the flight is scheduled to

10   depart and passengers are free to roam in public areas of the airport until then.  Resolving this

11   issue is a fact-intensive effort.  *See Aquino v. Asians Airlines, Inc.*, 105 Cal.App.4[th] 120-81 (2003)

12   (colleting cases.)[6].

13

14   Plaintiff objects to Defendant's attempted submission of evidence about its general

15   operations to support removal.  The court should not consider the Declaration(s) of Kevin Thiel,

16   Steve Tarvis, Jeff Butler and Philip F. Atkins-Pattenson and the attached exhibits to Defendant's

17   Notice of Removal.  First, the court is not required to make a factual investigation to evaluate

18   whether Plaintiff's claims are completely preempted by the Montreal Convention.  Whether the

19

20   concerned personal injury.  The non-bodily injury discussed in *Tseng* was "psychic or
21   psychosomatic," another species of personal injury. 525 U.S. at 160.

22   [6] *Mbaba v. Societe Air France*, 457 F.3d 496 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 959 (2007)
     and *King v. American Airlines, Inc.*, 284 F.3d 352 (2d Cir. 2002) are inapposite here.  *Mbaba* did
23   not address the issue of complete preemption in the removal context deciding applicability of
     Article 19 (baggage) on summary judgment.  The Second Circuit in *King* affirmed judgment on
24   the pleadings following the *Supreme Court* analysis in *Tseng* on conflict preemption.  The *King*
     court concluded that the Warsaw Convention's two year statute of limitation preempted New
25   York's three year personal injury statute on discriminatory bumping based on race.  284 F.2d at
     355.  Like *Tseng, King*, was decided under the old Warsaw Convention language that lacked the
26   "whether under this Convention or in contract or in tort or otherwise" verbiage of the Montreal
     Convention, Article 29.  *See*, 284 F.3d 357-58.  Unlike here, plaintiffs in *King* did "not contest that
27   they were in the process of embarking the plane" when injured.  *Id.* at 360.

28

REPLY IN SUPPORT OF PLTF'S MOTION TO REMAND CASE

1   court has jurisdiction should be determined from the face of Plaintiff's well-pleaded complaint.

2   *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).  Second, those declarations and exhibits

3   do not discuss Plaintiff's specific transactions and trips on Alaska Airlines.  The declarants make

4   broad statements about Defendant's general operations including inadmissible opinions.  Third,

5   those statements suggesting defenses to the complaint (*e.g.*, refund) are irrelevant for the remand

6

7   motion.

8       Alaska Airlines incorrectly tries to fit Plaintiff's state law claims into the framework of the

9   Montreal Convention.  Since that treaty is not applicable to this lawsuit, it is not preemptive of

10  Plaintiff's causes of action.

11  **IV. CONCLUSION**

12      Removal was improper.  The action should be remanded to the Superior Court of the State

13  of California, County of San Francisco.

14

15

16  Dated:  September 3, 2008                    Respectfully submitted,

17                                               **THE ROSSBACHER FIRM**

18

19

20                                  By:

21                                       James S. Cahill

22

23  ALASKA/REPLY                             Attorney for Plaintiff Kenneth Don Nelson

24

25

26

27

28

9

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

**CASE NAME: KENNETH DON NELSON v. ALASKA AIRLINES INC.**

**CASE NUMBER: CV08-03560 (JSW)**

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 811 Wilshire Blvd., Ste. 1650, Los Angeles, California 90017-2666.

    On September 3, 2008, I served the following document on the parties in this action listed below in the manner designated below:

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISIDICTION PURSUANT TO 28 U.S.C. § 1447(c)**

| | |
|---|---|
| Philip F. Atkins-Pattenson, Esq.<br>SHEPPARD, MULLIN, RICHTER<br>  & HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>patkinspattenson@sheppardmullin.com<br><br>Attorneys for Defendants | |

**BY NOTICE OF ELECTRONIC FILING**. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on September 3, 2008, at Los Angeles, California

_____
Maricela Ruiz

1  Henry H. Rossbacher, Esq. (SBN 060260)
   Talin K. Tenley, Esq. (SBN 217572)
2  James S. Cahill, Esq. (SBN 070353)
   **THE ROSSBACHER FIRM**
3  811 Wilshire Blvd., Suite 1650
   Los Angeles, California 90017-2666
4  Telephone: (213) 895-6500
   Facsimile: (213) 895-6161
5  Email: h.rossbacher@rossbacherlaw.com
   t.tenley@rossbacherlaw.com
6  j.cahill@rossbacherlaw.com

7  Attorneys for Plaintiff
   Kenneth Don Nelson

8

9                **UNITED STATES DISTRICT COURT**

10

11               **NORTHERN DISTRICT OF CALIFORNIA**

12

13                  **(SAN FRANCISCO DIVISION)**

14

15  KENNETH DON NELSON, individually and    ) Case No.: C 08-03560 (JSW)
    on behalf of all others similarly situated,  )
16                                            ) **CLASS ACTION**
                    Plaintiffs,               )
17                                            ) **[AMENDED PROPOSED] ORDER**
         v.                                   ) **GRANTING PLAINTIFF'S MOTION TO**
18                                            ) **REMAND CASE FOR LACK OF**
    ALASKA AIRLINES, INC., and DOES 1        ) **SUBJECT MATTER JURISDICTION**
    through 100, inclusive,                   ) **FOR IMPROPER REMOVAL**
19                                            ) **PURSUANT TO 28 U.S.C. § 1447(c)**
20                  Defendants,               )
                                              )
21                                            ) Date: October 17, 2008
                                              ) Time: 9:00 A.M.
22                                            ) Courtroom: 2 (17th Floor)
                                              ) Judge: Hon. Jeffrey S. White
23                                            )
                                              )
24                                            )
                                              )
25                                            )
                                              )
26  _____ )

27

28

1    On October 17, 2008, Plaintiff's Motion To Remand Case for Lack of Subject Matter

2    Jurisdiction and Award for Improper Removal Pursuant 28 U.S.C. § 1447(c) ("Plaintiff's

3    Motion") came on for hearing before this Court, the Honorable Jeffrey S. White, presiding.

4    _____ of The Rossbacher Firm appeared for Plaintiff Kenneth Don

5    Nelson. _____ of Sheppard, Mullin, Richter & Hampton LLP,

6

7    appeared for Defendant Alaska Airlines, Inc.  Having considered the briefs and arguments of

8    counsel, therefore

9        IT IS HEREBY ORDERED:

10       1.    Plaintiff's Motion is GRANTED.

11       2.    The entire action is remanded to the Superior Court of the State of California,

12   County of San Francisco.  28 U.S.C.  1441 (c).  Original federal subject matter jurisdiction under

13

14   U.S.C. § 1331 is lacking here.  The complaint only pleads California state law claims for breach of

15   contract and money had and received, and does not contain a cause of action that "arise under"

16   federal law.  *See Arora v. Hartford Life & Annuity Ins. Co.,* 519 F.Supp.2d 1021, 1028 (N.D. Cal.

17   2007).

18       3.    Generally, the court should look only to the well-pleaded complaint to ascertain

19   whether it states a federal claim (*Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998)),

20   and federal defenses anticipated by the removing party, including preemption, should not be

21

22   considered.  *See In re: NOS Communications*, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir.

23   2007).  Under the "well-pleaded complaint rule," the plaintiff is the "master of [his] claim," and

24   his suit can be removed only if, on the face of the complaint, a federal claim is presented.

25   *Caterpillar Inc. v. Williams,* 482 U.s. 386, 392-93 (1987).  The well-pleaded complaint rule is

26   overridden only if complete preemption applies.  *Holman v. Laulo-Rowe Agency,* 994 F.3d 666,

27   668 (9th Cir. 1993).  Complete preemption, though, arises only in "extraordinary" situations.

28

1

1  *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1184 (9th Cir. 2002).  Upon a motion for

2  remand the burden is upon the removing party to establish that removal was proper.  *Graus v.*

3  *Miles,* 980 F.2d 564, 566 (9th Cir. 1992).

4       4.      Defendant's sole ground for removal is under the "Convention for the Unification

5  of Certain Rules for International Carriage by Air", signed at Montreal on May 28, 1999, reprinted

6  in S. Treaty Doc. No. 106-45 and available at 1999 WL 33292734 (the "Montreal Convention").

7  However, the Montreal Convention does not provide complete preemption over the state law

8  claims alleged in Plaintiff's complaint so as to transform them into claims that "arise under"

9  federal law for purposes of original subject matter jurisdiction.  Article 29 of the Montreal

10  Convention suggests that the Convention is not intended to wholly displace all causes of action

11  based in state law.  Indeed, Defendant has not demonstrated that Congress intended that the

12  Montreal Convention wholly displace Plaintiff's alleged state causes of action.  *See Beneficial*

13  *Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003); *Lippitt v. Raymond James Fin. Sers., Inc.,* 340 F.3d

14  1033, 1042 (9th Cir. 2003) (complete preemption applies only when "the federal statutes at issue

15  provide [] the exclusive cause of action for the claim asserted").

16       5.      The Montreal Convention imposes three categories of strict liability on air carriers.

17  Article 17 provides for carrier liability in the event of accidental death or bodily injury of a

18  passenger while on board, embarking, or disembarking the plane.  Article 17 also includes liability

19  for damage to or loss of baggage.  Article 18 addresses liability for damage to cargo, and Article

20  19 imposes liability for damages resulting from delay of passengers, baggage or cargo.  "[T]he

21  Supreme Court has observed of the Warsaw Convention, whose preemptive effect is the same as

22  that of the Montreal Convention, that '[its] preemptive effect on local law extends no further than

23  [its] own substantive scope.'"  *In re Nigeria Charter Flights Contract Litigation,* 520 F.Supp.2d

24  447, 455 (E.D. N.Y. 2007) (quoting *El Al Israeli Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155,

2

1   172 (1999)).

2       6.      From the face of Plaintiff's complaint, his claims are not within the scope of the

3   Montreal Convention.  Plaintiff's complaint does not mention the Montreal Convention or any

4   federal statutory ground for relief.  Plaintiff contends his claims arise from Defendant's breach

5   (*i.e.,* nonperformance) of its contracts with Plaintiff (and other putative Class members) and they

6   may have a remedy under California law.  *Weiss v. El Al Isreal Airlines, Ltd.,* 433 F.Supp.2d 361,

7

8   365-66, 369 (S.D. N.Y. 2006); *see also In re Nigeria Charter Flights Contract Litigation,* 520

9   F.Supp.2d 447, 454.  Plaintiff alleges that his damages occurred when he purchased his airline

10  tickets from Defendant in California and paid the disputed Mexican tourism tax.  This allegedly

11  happened before any process of embarking and not on board an aircraft.  Accordingly, the

12  Montreal Convention cannot serve as the basis for removal.

13  Dated:

14

15

16

17

18  _____
    Jeffrey S. White
    United States District Judge

19

20  ALASKA/AMENDEDPROPOSED.ORDER

21

22

23

24

25

26

27

28

3

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

**CASE NAME: KENNETH DON NELSON v. ALASKA AIRLINES INC.**

**CASE NUMBER: CV08-03560 (JSW)**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 811 Wilshire Blvd., Ste. 1650, Los Angeles, California 90017-2666.

On September 3, 2008, I served the following document on the parties in this action listed below in the manner designated below:

**[AMENDED PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION FOR IMPROPER REMOVAL PURSUANT TO 28 U.S.C. § 1447(c)**

| | |
|---|---|
| Philip F. Atkins-Pattenson, Esq.<br>SHEPPARD, MULLIN, RICHTER<br> & HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA  94111<br>patkinspattenson@sheppardmullin.com<br><br>Attorneys for Defendants | |

**BY NOTICE OF ELECTRONIC FILING.**  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 3, 2008, at Los Angeles, California

Maricela Ruiz